[Civ. No. 25911. Second Dist., Div. Four. Sept. 25, 1962.]

FIREMAN'S FUND INSURANCE COMPANY, Plaintiff and Appellant, v. ILIA CHASSON et al., Defendants and Respondents.

*Assigned by Chairman of Judicial Council.

Henry E. Kappler for Plaintiff and Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Defendants and Respondents.

BURKE, P. J.—This action for declaratory relief was commenced by Fireman's Fund Insurance Company (''Fireman's'') seeking a declaration of its obligations under a policy of automobile liability insurance issued to defendant Ilia

Chasson ("Chasson") on an automobile owned by him. The insured vehicle was involved in an accident in which Chasson's passengers, defendants Schneiderman, Rubin and Ostrofsky, were injured. Each of the passengers filed his own independent personal injury action against Chasson and his alleged employers Gold, Miller, Thompson and Vanderstein, copartners doing business as The Normandie Club. The Normandie Club conducted a poker parlor in the City of Gardena and it was alleged in the personal injury actions that at the time of the accident Chasson was an employee of the club and acting within the course and scope of his employment. The Normandie Club and the copartners (hereinafter collectively designated "The Normandie Club") were also named as defendants in the declaratory relief action because of their claim that they are entitled to the extended coverage provisions of the Chasson insurance policy should Chasson be found to be acting in his capacity as their employee at the time of the accident which they deny.

In the declaratory relief action Fireman's sought to be relieved of any and all obligations under the policy of insurance because of the alleged use of the insured vehicle by Chasson as a "public or livery conveyance" for which use coverage under the policy was specifically excluded.

At the trial certain specific issues of fact were submitted to the jury by stipulation of the parties which the jury answered by finding that the automobile in question was being used by Chasson as a public or livery conveyance at the time of the accident; that Chasson was not at that time the servant, agent or employee of The Normandie Club and was not acting within the course and scope of his employment by The Normandie Club. The trial court expressly adopted these findings. The court further found that the insurance policy in question contained an exclusion reading in part as follows:

"EXCLUSION. This policy does not apply:

"a) . . . while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy; . . ."

With reference to this exclusion the court further found that ". . . the use of such vehicle as a public or livery conveyance was not specifically declared or described in the policy of insurance. . . ."

The court further found Fireman's was obligated under the language of the policy to "a) Defend any suit against the insured alleging such injury, sickness, disease or destruc-

tion and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; . . ."

With reference to the parties included under the definition of "insured" the court found that the policy provided:

"a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. . . ."

Predicated upon these findings the court further found that Fireman's was not obligated to pay any judgment which might thereafter be rendered against Chasson or The Normandie Club because the vehicle was being used at the time of the accident "as a public or livery conveyance" within the provisions of the exclusion in the policy.

In his memorandum of decision the trial judge noted that the duty to defend is a separate coverage from the duty to indemnify, citing *Liberty Building Co.* v. *Royal Indemnity Co.*, 177 Cal.App.2d 583, 587 [2 Cal.Rptr. 329]; *Firco, Inc.* v. *Fireman's Fund Ins. Co.*, 173 Cal.App.2d 524, 527 [343 P.2d 311]; and *Lamb* v. *Belt Casualty Co.*, 3 Cal.App.2d 624, 630 [40 P.2d 311]. He further asserted that the duty to defend is only excused where the complaint in the case against the insured shows plainly on its face the injury complained of is not covered by the policy, citing *Liberty Building Co.* v. *Royal Indemnity Co., supra,* and *Remmer* v. *Glens Falls Indemnity Co.*, 140 Cal.App.2d 84 [295 P.2d 19, 57 A.L.R.2d 1379].

The three complaints in the personal injury actions against the insured Chasson were received as exhibits by reference in the declaratory relief action and the court pointed out in its decision that they do not show on their face that the injuries complained of are not covered by the policy. Thus, as stated in the recent case of *Karpe* v. *Great American Indemnity Co.*, 190 Cal.App.2d 226, 233-234 [11 Cal.Rptr. 908]: "If the allegations of [the] complaint show a potential liability within policy coverage, the duty to defend exists. The obligation to defend is broader than the obligation to indemnify."

In the Rubin and Ostrofsky actions the complaints alleged that each of the respective plaintiffs was a passenger in the car driven by Chasson; that Chasson was the agent of The Normandie Club and was acting within the scope of his agency. In the Schneiderman action the complaint alleged that the plaintiff therein was "a passenger for hire." Thus, it is clear that in the Rubin and Ostrofsky cases it is not apparent on the face of the complaints that the liability sued upon came within the exclusion in the policy. ▮ In the Schneiderman action the mere allegation that the plaintiff was a passenger for hire does not have the effect of bringing that action clearly within the exclusionary clause of the policy. It is entirely conceivable that a passenger could pay the driver of a private vehicle compensation for an individual ride without constituting the vehicle as a public or livery conveyance. (*American Motorists Ins. Co.* v. *Moses,* 111 Cal.App.2d 344, 349 [244 P.2d 760].)

▮ It is settled that in case of doubt as to whether there is an obligation to defend such doubt must be resolved in the insured's favor. (*Columbia Southern Chemical Corp.* v. *Manufacturers & Wholesalers Indem. Exchange,* 190 Cal.App.2d 194, 201 [11 Cal.Rptr. 762].)

The only appeal taken from the judgment of the trial court is by Fireman's from that portion of the judgment declaring it to be the obligation of Fireman's to defend the actions brought by the passengers.

▮ Does the fact that the insurer has knowledge that the injury sued upon is not covered by the insurance policy, due to the use to which the vehicle was being put, relieve the insurer from its duty to defend the insured in personal injury actions alleging injury and damage in language which does not show that the injuries complained of are not covered by the policy? A negative answer to this question is indicated in *Remmer* v. *Glens Falls Indemnity Co., supra,* 140 Cal.App.2d 84, 90, wherein the court states: "[I]t is the duty of the insurer to defend the insured when sued in any action where the facts alleged in the complaint support a recovery for an 'occurrence' covered by the policy, regardless of the fact that the insurer has knowledge that the injury is not in fact covered. [Citing cases.]"

In the case before us the insurer not only had knowledge that the injuries being sued upon were not in fact covered by the policy but had the benefit of a judicial determination in the declaratory relief action that there could be no liability

upon it due to the operation of the exclusionary clause. In commenting upon this question the trial court in its memorandum of decision states that even if such determination constitutes res judicata as to the other three actions it could not operate retroactively to eliminate the insurer's duty to defend the insured in such actions. The court declared that the duty to defend arose upon the filing of the actions by virtue of the allegations of the complaints in such actions and that that duty is not eliminated or circumvented retroactively by the findings in the declaratory relief action.

Fireman's contends that whenever there is a controversy over the insurer's duty to defend it may act to secure an adjudication of nonliability by way of a declaratory judgment. It asserts that such a judgment, if available, as is the case under California law (Code Civ. Proc., § 1060), settles definitely the question of its duty to defend. It argues that the duty to defend is subject to the same exclusions that are referrable to the duty to indemnify.

Fireman's points out that in a declaratory relief action the court will not undertake to resolve the question whether or not there has been conduct which would fall within the exclusion of an insurance policy if that conduct and the determination of that issue will necessarily be determined in the basic tort action (here the three actions by the Chasson passengers). On the other hand, it asserts, where the basic tort action will not determine the question of coverage, declaratory relief is a proper remedy. Here, the basic issue as between Fireman's and its insured is whether or not the vehicle was being used as a public or livery conveyance. This issue is not an issue in the actions between the passengers and Chasson and will not be determined in those suits.

We take no issue with the right of the insurance company to file an independent action to determine what its responsibility is to its insured. ▮▮▮ In fact, the right to file a declaratory relief action under somewhat similar circumstances was before our Supreme Court in *State Farm etc. Ins. Co.* v. *Superior Court*, 47 Cal.2d 428 [304 P.2d 13], in which case it was held that it rests within the sound discretion of the trial court to determine which of the two actions shall proceed first to trial, the personal injury action previously set for trial or the declaratory relief action. The court made it clear that the right to file an action in declaratory relief and the granting of priority to such actions under section 1062a of the Code of Civil Procedure was never intended to compel

the trial court to delay the trial of a personal injury action, previously set for trial, until after the trial of the declaratory relief action merely because the personal injury action ''might involve the determination of the same or a somewhat similar issue.'' Thus, the control of the course of the declaratory relief action and the personal injury suits rests in the sound discretion of the trial court.

We conclude that in the case at bench the trial court was correct in its determination that the insurer had the duty to defend the personal injury actions and that the determination in the declaratory relief action of no liability under the policy did not have the effect of retroactively relieving the insurer of such duty to defend. However, once the judgment in the declaratory relief action becomes final (in this case upon the determination of this appeal), the insurer's duty to defend such actions shall cease since the duty to defend does not continue beyond the final determination that the claim is not within the coverage of the policy. (See *Firco, Inc.* v. *Fireman's Fund Ins. Co.,* 173 Cal.App.2d 524, 528 [343 P.2d 311] ; *Lee* v. *Aetna Casualty & Surety Co.,* 178 F.2d 750, 752-753.) In the *Firco* case, the court said (173 Cal.App.2d 524, at p. 528) : ''We have presented to us, therefore, an action based upon a claim that may or may not be covered by the policy. In such a situation the insurer is obligated to undertake the defense of the action and to continue such defense at least until it appears that the claim is not covered by the policy. If and when that becomes certain the insurer may turn back the defense.''

The findings and judgment of the trial court in the action before us declare that Fireman's is under obligation to defend defendants in the personal injury action but are silent as to the termination of such duty upon the judgment in the declaratory relief action becoming final. For that reason it is necessary to modify the judgment. The following paragraph is inserted to follow the last paragraph of the judgment: ''IT IS FURTHER ORDERED AND ADJUDGED that the duty of Fireman's Fund Insurance Group to defend the Superior Court actions Numbers 704,663, 728,058, and 714,749 shall cease and determine upon this judgment becoming final.''

As so modified the judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.