[Civ. No. 28924. Second Dist., Div. One. July 13, 1965.]

GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff and Appellant, v. GEORGE B. WHITMORE, JR., et al., Defendants and Respondents.

Murchison, Cumming, Baker & Velpmen, John Baker and Henry F. Walker for Plaintiff and Appellant.

Robert J. Johnston for Defendants and Respondents.

LILLIE, J.—Plaintiff insurance corporation sought a judicial determination of its rights and liabilities under a public liability insurance policy issued to defendants Mr. and Mrs. Whitmore and their son. A similar adjudication was sought as to other defendants not appearing on this appeal. The Whitmores' demurrer to the first amended complaint was sustained without leave to amend, and plaintiff appeals from the judgment of dismissal subsequently entered.

The facts assertedly warranting the declaratory relief prayed for are alleged in the complaint. Summarized, it appears that on or about March 4, 1963, a passenger train bound for Los Angeles became derailed near Northridge; passengers were injured and suffered destruction of their personal property. About July 3, 1963, Shelby Drucker, one of the passengers, instituted action against the carriers and against the Whitmores' son and two other minors for personal injuries—a copy of such complaint is annexed to plaintiff's amended pleading. While Drucker does not so allege, plaintiff's complaint includes the allegation that young

Whitmore and the two other minors, James Morgan and David Walk, entered into a conspiracy, later carried out, to wilfully and intentionally tamper with and destroy switches and other railroad equipment which would cause the train to leave the tracks. Additional claims are being made by other passengers, each of which will demand large sums for damages; too, defendant carriers will claim indemnity over these amounts as against defendants minors and their parents for any sums the carriers will be required to pay to said claimants.

In addition to the policy in suit (issued to the Whitmores), plaintiff alleges the existence of public liability insurance policies issued by two different companies to the Morgan and Walk boys and their parents respectively; all three policies obligated the particular company to defend its named insureds against claims of third persons, and to pay any judgment resulting therefrom, arising out of the negligence of such insureds. Each member of the Morgan and Walk families is joined as a defendant in the present proceeding, as are each of their insurers—the parents and insurers being sued under fictitious names. Also joined as defendants are Mr. Drucker, 200 of his fellow passengers (Does 1 to 200), and the two carriers against whom (among others) the *Drucker* action is directed.

According to plaintiff's complaint, for reasons now to be stated, an actual controversy exists between the parties. First, plaintiff contends that the train accident was solely and proximately caused by the wilful and intentional acts of the three defendant boys for which no coverage was afforded under its policy with the Whitmore family; such contention, it is further alleged, is contested by the Whitmores. Second, numerous claims (upon some of which complaints have been filed) are being made against the Whitmores as a result of the train accident; accordingly, if judgments be secured against such insureds and if plaintiff be required to indemnify them in regard thereto, plaintiff seeks a determination as to whom and in what proportion its policy limits of $10,000 should be paid. Third, if a recovery is secured against all three defendant sons and their parents, all three insurers should pay on a pro rata basis in accordance with the limits of the respective policies and share in the payment of any judgment up to the total limits of each such policy. Further in this connection, if defendant carriers and defendant passengers recover for the claimed negligence of defend-

ant sons and their parents and if neither insurer for the Walk and Morgan family is required to contribute any sum toward such recovery, plaintiff seeks a determination that its policy limits be prorated among the claimants according to the amount of each claimant's recovery; finally in this regard, while the insurers for the Morgans and Walks agree with plaintiff that none of the three policies provides coverage for the intentional acts of the three boys, said insurers contend that if any sums are to be paid the same should be paid by plaintiff. Fourth, defendant sons and their parents, Drucker and his fellow passengers and each of the carriers all contend that the policies of plaintiff and defendant insurers provide full coverage to defendant sons and their parents.

In California declaratory relief is frequently invoked to determine the question of whether or not coverage exists under an insurance policy in light of the facts alleged. (15 Cal.Jur.2d, Declaratory Relief, pp. 232-234.) For purposes of the present demurrer, of course, the allegations in the complaint must be accepted as true; but even if challenged, it has long been the law that a court may determine disputed questions of fact in declaratory relief proceedings. (*R. G. Hamilton Corp., Ltd.* v. *Corum,* 218 Cal. 92, 95 [21 P.2d 413].)

More recently, ''In an action for declaratory relief, when the complaint shows the existence of an actual controversy among the parties, a general demurrer to the complaint should be overruled. The plaintiff is entitled to a declaration of his rights whether the declaration is favorable to him or not.'' (*Salsbery* v. *Ritter,* 48 Cal.2d 1, 7 [306 P.2d 897].) Two exceptions to the above rule are noted in *Salsbery*: (1) Where the complaint shows on its face that the action is barred by the statute of limitations and (2) where the whole controversy has been settled by a prior judgment. Neither exception, concededly, is present here. In a memorandum opinion supporting its order, the trial court took the view that there was ''no controversy warranting declaratory relief among the parties in this case.'' Several considerations are mentioned for its conclusion in this regard. Upon analysis of the various bases for such determination, however, we are of the view that the trial court erred and accordingly the judgment of dismissal must be reversed.

The trial court determined that declaratory relief was not available against the ''tortfeasees.'' It further determined

that similar relief against the Whitmores would serve no useful purpose under circumstances by the court set forth (and presently to be discussed). As to the "tortfeasees," the court stated that they had "no present legal interest in the policy" and thus the granting of relief would be tantamount to an opinion about "a conjectural future controversy." In this regard, the court reasoned, the defendants other than the Whitmores would have no claim against plaintiff carrier until their chose against the Whitmores was reduced to judgment; therefore, the contingent character of the controversy, as distinguished from one that was actual and justiciable, militated against the granting of the relief prayed for. As to the Whitmores, the court took the view that the controversy would not be terminated by the granting of the relief sought against them by plaintiff because the remaining defendants, "not being proper parties," would not be bound by any factual determination made; it was also noted that under the terms of the Whitmore policy, and so alleged in plaintiff's amended complaint, plaintiff had expressly "agreed to defend said named insureds . . . and to indemnify said named insureds for any judgment that might be secured by any third parties. . . ."

We first consider the problem as it concerns the tortfeasees none of whom have demurred to the complaint as amended. (An answer, it appears, was filed by one of the carriers which asks that it be held entitled to the benefits of insurance coverage for its own loss as well as for the claims made against it.) ▆ Immediately upon the happening of the derailment, they had an interest in the insurance policy of the asserted tortfeasors and were entitled to information as to its existence and its limits. (*Laddon* v. *Superior Court*, 167 Cal.App.2d 391, 394-396 [334 P.2d 638].) ▆ While not necessarily indispensable parties, they were proper parties. "Proper parties," it has been stated, can be joined as defendants when ". . . they have some interest in the subject of the action or the issues, and it would be convenient to settle their rights in the same action." (2 Witkin, Cal. Procedure (1954) p. 1052.) Indeed, since "Litigation is a practical business" and since "The litigant sues to recover money and is not interested in a paper judgment that cannot be collected" (*Pettie* v. *Superior Court*, 178 Cal.App.2d 680, 689 [3 Cal.Rptr. 267]), perhaps a favor was conferred upon the tortfeasees by the filing of the present action. There is the further fact that the tortfeasees are many in number (200

Doe passengers are named as defendants), each of which will presumably claim sums substantially approaching, equal to or exceeding the policy limits of $10,000—defendant Drucker, for example, asks for damages in the amount of $100,000. Solely for illustration, if he were to offer to settle for a sum within the policy limits and if plaintiff refused to do so with the result that judgment was thereafter entered in his favor against the Whitmores for more than the policy limits, plaintiff might be held liable in excess of policy limits for its refusal to settle within the policy limits contrary to the implied covenant of good faith and fair dealing due its insureds. (*Comunale* v. *Traders & General Ins. Co.*, 50 Cal.2d 654, 659 [328 P.2d 198].) Any such eventuality is avoided by the relief, additionally sought by plaintiff, that a determination be made as to the proportionate contribution due each claimant within policy limits if recovery of damages is ordered.

These matters, in our view, are not capable of resolution in a trial of the damage suit which seems to be impliedly suggested by the court's memorandum opinion. In *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 732 [146 P.2d 673, 151 A.L.R. 1062], it is declared that such alternative remedy must be "speedy and adequate or as well suited to the plaintiff's needs as declaratory relief" before a court may properly refuse to exercise its discretion to refuse such relief on that ground. For example, since coverage under the policy is denied by reason of the wilful and intentional acts alleged in the complaint, plaintiff could not possibly advance that claim in the damage suit which would be wholly inconsistent with the interests of its assureds and render the latter liable as a matter of law. See *State Farm etc. Ins. Co.* v. *Superior Court*, 47 Cal.2d 428, 431 [304 P.2d 13], where the court ordered a severance of the declaratory relief suit from the damage actions because of the prejudice which would be done to the carrier if the proceedings were consolidated for trial. No prejudice, on the other hand, will be suffered by the tortfeasees if plaintiff's claims to declaratory relief are tried on their merits. Contrary to the trial court's view, they would not be compelled to litigate their claims "twice." Their right to recover against the Whitmores would not be in issue in the present proceeding, and the principles of res judicata and collateral estoppel could not later be invoked (*Exchange Cas. & Surety Co.* v. *Scott*, 56 Cal.2d 613, 620 [15

Cal.Rptr. 897, 364 P.2d 833]); as a matter of fact, the trial court in the exercise of a sound discretion may decide which of the two proceedings shall first be tried. (*Fireman's Fund Ins. Co.* v. *Chasson,* 207 Cal.App.2d 801, 806 [24 Cal.Rptr. 726].) ▪ Nor, as further suggested by the court below, would the trial of the present action deprive the tortfeasees of their right to a jury's determination of their claims; in that regard, it now seems settled that factual questions involving issues akin to those at bar are triable by a jury as a matter of right. (*Allstate Ins. Co.* v. *Normandie Club,* 221 Cal.App.2d 103, 105-106 [34 Cal.Rptr. 280].) (An Idaho case relied on by the Whitmores, *Ennis* v. *Casey,* 72 Idaho 181 [238 P.2d 435, 28 A.L.R.2d 952], which holds to the contrary, is of course not persuasive.) ▪ For all of the foregoing reasons, therefore, it must be held that the amended complaint sets forth facts showing the existence of an actual controversys between plaintiff and the nondemurring defendants. The governing statute (Code Civ. Proc., § 1060) expressly provides that declaratory relief "may be had before there has been any breach of the obligation in respect to which said declaration is sought." As shown above, obligations were owing not only to the demurring defendants but also to the tortfeasees by plaintiff insurance carrier.

As to the demurring defendants, certain of the above principles are clearly applicable to their contentions that no actual controversy exists between them and their insurer. The additional point is made by the Whitmores that plaintiff cannot claim noncoverage under the policy (due to the minor's intentional acts) because the amended pleading expressly admits the company's agreement to "defend" the named insureds and to "indemnify" them against any claims that might be made by third parties as a result of the insureds' negligence; the *Drucker* action, it is pointed out, asks damages for negligence—there is no allegation of wilful or intentional acts. ▪ But plaintiff in this proceeding is not litigating the issue of negligence; it is a proceeding in which a determination is sought that the acts involved were wilful or intentional and thus excluded from coverage. As of now plaintiff owes its assureds some measure of responsibility, and courts have declined to "take [any] issue with the right of the insurance company to file an independent action to determine [such] responsibility. . . ." (*Fireman's Fund Ins. Co.* v. *Chasson, supra,* 207 Cal.App.2d 801, 806.) The case just cited also holds that where, as here, the facts al-

leged in a complaint against the insured support a recovery for an occurrence covered by the policy even though the insurer has knowledge that the injury is not in fact so covered, it is nonetheless the insurer's duty to defend unless relief is obtained by way of a declaratory judgment. "... [O]nce the judgment in the declaratory relief action becomes final (in this case upon the determination of this appeal), the insurer's duty to defend such actions shall cease since the duty to defend does not continue beyond the final determination that the claim is not within the coverage of the policy. [Citations.]" (*Fireman's Fund Ins. Co.* v. *Chasson,* 207 Cal.App.2d 801, 807 [24 Cal.Rptr. 726].) The above, it would appear without question disposes of the Whitmores' claim that the present proceeding is premature; likewise governed thereby is their contention that there is no present justiciable issue between the insurer and the insured.

Respondents' brief places full reliance upon the reasoning of the trial court which (as stated at the outset) we find to be erroneous. Nor are the several cases cited and discussed of any assistance to them, being either distinguishable on their facts or not in harmony with the established law of this jurisdiction as reflected by the decisions to which we have heretofore referred.

The judgment is reversed.

Wood, P. J., and Fourt, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 15, 1965. Traynor, C. J., Peek, J., and Mosk, J., were of the opinion that the petition should be granted.