[Civ. No. 30826.   Second Dist., Div. Three.   Jan. 31, 1968.]

GENERAL OF AMERICA INSURANCE COMPANY, Plaintiff and Appellant, v. BEATRICE J. LILLY et al., Defendants and Respondents.

Murchison, Cumming, Baker & Velpmen, John Baker and Henry F. Walker for Plaintiff and Appellant.

Jarrett & Woodhead, Frank Woodhead, Parker, Stanbury, McGee, Peckman & Garrett, White McGee, Jr., Betts & Loomis, John A. Loomis, Harold Q. Longenecker, H. Thomas Ellerby, Gilbert, Thompson & Kelly, Jean Wunderlich and E. W. Thompson as Amici Curiae on behalf of Plaintiff and Appellant.

Ehrlich, Koenig & Sherman and Eugene N. Sherman for Defendants and Respondents.

FRAMPTON, J. pro tem.*—Appeal from judgment of dismissal after sustaining of demurrer without leave to amend, and from order denying motion to vacate order sustaining such demurrer.

## The Facts

The defendants Beatrice J. Lilly and Clarke N. Lilly are husband and wife. On January 29, 1965, they filed their complaint in the Superior Court for the County of Los Angeles, wherein they sought damages for personal injuries and property damage claimed to have been sustained as a result of a collision on December 11, 1964, between a Volkswagen automobile, owned and operated by the defendant Beatrice J.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Lilly, and a Chevrolet truck, owned by the defendant Green Pastures Dairy, a corporation, and being operated at the time by the defendant Aubrey Blasingame. The complaint in the personal injury action charged that at the time of the accident Blasingame was the agent and servant of Green Pastures Dairy; was acting within the course and scope of his employment as such agent and servant, and was operating the truck with the knowledge and consent of Green Pastures Dairy.

Green Pastures Dairy filed its answer in the personal injury action wherein it denied, amongst other things, that Blasingame, at the time of the accident, was its agent or servant; that he was acting in the course and scope of his employment as the agent or servant of Green Pastures Dairy, or that he was driving the Chevrolet truck with the knowledge or consent of the latter. By letter dated June 11, 1965, General of America Insurance Company, hereinafter referred to as General, advised Blasingame that it took the position that at the time of the accident he was not an insured under General's policy of insurance covering Green Pastures Dairy, stating ''The reason for this is that the facts demonstrate that you did not have the permission of the Green Pastures Dairy to drive at the time the accident occurred and were not within the scope of your employment.'' General offered to pay the expenses of Blasingame's defense, reserving the right to continue to claim that he was not an insured under the policy and that General had no obligation to pay any judgment that might be rendered against him. Blasingame, having accepted General's offer to pay his costs of defense, and through one of several firms of attorneys recommended by General, filed his answer in the personal injury action in which he denied all material allegations of the complaint except that he admitted that at the time of the accident therein alleged he was acting within the scope of his employment as an agent of Green Pastures Dairy and was operating the truck with the consent of the latter.

On June 30, 1965, General filed its complaint for declaratory relief wherein it asked the court to interpret the respective rights, duties and obligations of the plaintiff and defendants under the policy of public liability insurance issued by it to Green Pastures Dairy, and as to all defendants except Green Pastures Dairy. The complaint in the declaratory relief action alleged in substance as follows: (1) At all times herein mentioned plaintiff was and now is a corporation and authorized to do business in California as a public liabil-

ity insurance carrier; (2) at all times mentioned, defendant Green Pastures Dairy was and is a corporation doing business in Los Angeles County, delivering milk to residences of the general public and, on and prior to December 11, 1964, was the owner of a 1959 Chevrolet truck bearing California license number F 77949, and hereinafter referred to for brevity as the "truck"; (3) at all times mentioned the defendants Beatrice J. Lilly and Clarke N. Lilly were husband and wife, and were the owners of a 1959 Volkswagen bearing license number HHE 036, hereinafter referred to, for brevity, as "the Volkswagen"; (4) for sometime prior to December 11, 1964, defendant Blasingame was employed by Green Pastures Dairy as a milk truck driver, delivering milk during hours specifically provided by said employer and when given permission to operate the truck; (5) on December 11, 1964, at the intersection of Roscoe Boulevard and Amestoy Avenue in the County of Los Angeles, Mrs. Lilly was operating the Volkswagen and Blasingame was operating the truck; a collision occurred, resulting in personal injuries to Mrs. Lilly; on January 29, 1965, Mr. and Mrs. Lilly filed their complaint for damages, a copy of which is annexed as exhibit A to show the nature of the claims made by them against the defendants in the Lilly personal injury action; that so far as here material, the personal injury complaint shows that the action is against Blasingame and Green Pastures Dairy; it alleges that the accident was caused by the negligence of defendant Blasingame and that at the time of the accident he was the duly authorized agent and servant of Green Pastures Dairy and was acting within the course and scope of his employment as such agent and servant; that Green Pastures Dairy was the owner of the truck and Blasingame was operating it with the owner's permission; (6) at the time of the accident between the truck and the Volkswagen, Blasingame was not acting as an employee of Green Pastures Dairy to operate or have possession of the truck; that at the time of said accident, Blasingame was operating and using the truck against specific orders and directions of Green Pastures Dairy and was not within the scope of his employment; (7) prior to the accident, and in effect at the time thereof was a policy of public liability insurance issued by plaintiff herein to Green Pastures Dairy and which specifically referred to and described the truck; under said insurance policy plaintiff agreed to pay on behalf of its insured, up to the policy limits of $50,000/$100,000, all sums that the insured might become legally obligated to pay by reason of bodily injuries and damages arising

out of the use of said truck; the policy defined its insured as Green Pastures Dairy and any person legally responsible for the use of the truck, provided such use was with the permission of Green Pastures Dairy; (8) in accordance with the policy, plaintiff acknowledged to Green Pastures Dairy its obligations to Green Pastures Dairy, provided counsel for Green Pastures Dairy, proceeded with the defense, and is now defending said defendant; attorneys defending Green Pastures Dairy have entered its answer to said personal injury complaint denying all material allegations thereof; (9) the personal injury complaint alleges that, at the time of the accident, Blasingame was an employee of Green Pastures Dairy and was acting within the scope of his employment and was driving the truck with permission of Green Pastures Dairy; Green Pastures Dairy advised plaintiff insurer that at the time of said accident Blasingame did not have permission to operate the truck and was not within the scope of his employment, was not acting as an employee of Green Pastures Dairy, and was using the truck against specific, direct instructions of Green Pastures Dairy; on or about June 11, 1965, plaintiff insurer, by letter, advised Blasingame that he was not an insured under the policy; invited Blasingame to employ counsel of his own choosing to defend him in the personal injury action and offered to pay such counsel reasonable fees and to pay costs incurred in such defense; that Blasingame accepted such offer and chose counsel to defend him and such counsel filed an answer in the personal injury action wherein all material allegations of the complaint were denied except that Blasingame admitted therein that he was acting in the scope of his employment and that he was operating the truck with permission; and (10) an actual dispute exists between plaintiff and defendants; plaintiff and defendant Green Pastures Dairy contend that at the time of the accident, Blasingame, while operating the truck, was not using it within the meaning of the insurance policy with permission of Green Pastures Dairy; the other defendants each contend to the contrary.

On October 18, 1965, the defendants Lilly filed their demurrer to the complaint upon the grounds (1) the complaint does not state facts sufficient to constitute a cause of action against them or either of them; (2) there is a misjoinder of parties in that said defendants are improperly joined as parties defendant; (3) another action is pending between the same parties for the same cause as the above action; (4) the complaint is uncertain, specifying grounds of uncertainty; (5) the com-

plaint is ambiguous in the same respect in which it is alleged to be uncertain, and (6) the complaint is unintelligible in the same respects in which it is alleged to be uncertain.

On February 1, 1966, a minute order was entered as follows: ''Demurrer sustained without leave to amend. Attorney order. No justiciable controversy exists. CCP 1060, CCP 1061; 166 CA 2d 32. Plaintiff is still bound to defend its assured under the terms of the contract regardless of the outcome of this litigation. A multiplicity of suits involving the suits [sic] involving the same issue should be avoided.'' On February 11, 1966, General filed its notice of motion to vacate and set aside the order of February 1, 1966, and to file a first amended complaint. The proposed first amended complaint contained substantially the same allegations as are contained in the original complaint, but incorporates a copy of the answer of Green Pastures Dairy to the complaint in the personal injury action. On February 23, 1966, the motion to vacate the order of February 1, 1966, was denied. On March 2, 1966, a judgment of dismissal of the complaint as to the defendants Lilly was signed by the trial judge and filed. The appeal is from the judgment of dismissal and from the order of February 23, 1966, denying the motion to vacate the order of February 1, 1966, sustaining the demurrer without leave to amend.

### The Contentions and the Law

Plaintiff urges that (1) declaratory relief is appropriate to determine controversies between insurer, insureds and injured persons as to rights, duties, and obligations under a policy of liability insurance, and (2) the trial court erred in sustaining the demurrer of defendants Lilly to the complaint and in the denial of the motion for permission to file the amended complaint.

█ The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues. Where circumstances are such that a finding in the main personal injury action that the operator of the vehicle was driving it with the permission of the owner, and the broad terms of the insurance policy covering the owner's liability and defining ''insured'' would cover such operator, then the issue of driving with permission in the declaratory relief action becomes the same issue as in the main

action and can be decided for all purposes in the main action. (*Home Indem. Co., New York* v. *Lechner* (S.D. Cal. 1961) 191 F.Supp. 116, 122, cited with approval in *Exchange Cas. & Surely Co.* v. *Scott,* 56 Cal.2d 613, 621 [15 Cal.Rptr. 897, 364 P.2d 833].) The question in the instant action as to whether Blasingame was driving the truck, owned by Green Pastures Dairy, in the course and scope of his agency as an employee of Green Pastures Dairy at the time of the accident requires no interpretation of the language of the policy of insurance claimed to limit the coverage to certain employees and to exclude certain others. In this state of the pleadings the issue of agency in the main tort action becomes the identical issue raised in the declaratory relief action and is one which can, and should be determined in the tort action. (See *Brillhart* v. *Excess Ins. Co. of America,* 316 U.S. 491 [86 L.Ed. 1620, 62 S.Ct. 1173] ; *State Farm Mut. Auto. Ins. Co.* v. *Bonwell* (8th Cir. 1957) 248 F.2d 862, 867; *Utilities Ins. Co.* v. *Ledford* (6th Cir. 1958) 255 F.2d 123, 125; *Pacific Elec. Ry. Co.* v. *Dewey,* 95 Cal.App.2d 69, 71-72 [212 P.2d 255].) ■ Under section 1061 of the Code of Civil Procedure the court may refuse to exercise the power to grant declaratory relief where such relief is not necessary or proper at the time under all of the circumstances. ■ The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. ■ The refusal to exercise the power is within the court's legal discretion and will not be disturbed on appeal except for abuse of discretion. (*Girard* v. *Miller,* 214 Cal.App.2d 266, 277 [29 Cal.Rptr. 359].) ■ It seems clear from the pleadings that the determination of issues which the plaintiff seeks in this declaratory relief action is readily available to it in the personal injury action; that such determination is speedy and adequate, and is as well suited to plaintiff's needs as declaratory relief. (*Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 761 [161 P.2d 217, 162 A.L.R. 747]; *Maguire* v. *Hibernia Sav. & Loan Soc.,* 23 Cal.2d 719, 731 [146 P.2d 673, 151 A.L.R. 1062].)

■ The broad discretionary power of the trial court to deny declaratory relief may be invoked by general demurrer. (*Lord* v. *Garland,* 27 Cal.2d 840, 852 [168 P.2d 5]; 2 Witkin, Cal. Procedure (1954) Pleading, p. 1480.)

In the case at bench plaintiff has pleaded a controversy between the persons alleged to be the tortfeasees, the tortfeasor, the employer of the tortfeasor, and the insurer of the employer. It is obvious that in every tort action involving

personal injuries a controversy exists between the opposing parties to the litigation, and where the alleged tortfeasor and his employer are protected by a policy of public liability insurance which covers the incident out of which the action arose, the insurer is a party interested in the outcome of the litigation by reason of the fact that the injured person becomes a third party beneficiary under the policy of insurance, and if the injured party obtains a judgment against the alleged tortfeasor and his employer, he may bring an action against the insurer to recover the amount of the judgment rendered in the personal injury action within the limits of the policy. (Ins. Code, § 11580; *Laddon* v. *Superior Court,* 167 Cal.App.2d 391, 394 [334 P.2d 638]; *General Ins. Co. of America* v. *Whitmore,* 235 Cal.App.2d 670, 674 [45 Cal.Rptr. 556].) ▮▮▮▮ Plaintiff's complaint, however, falls short of the necessary allegations to entitle it, as a matter of right, to maintain the action in declaratory relief, where the issues raised by the complaint may be properly and finally adjudicated in the personal injury action. Under these circumstances, the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

The judgment of dismissal is affirmed. The appeal from the order of February 23, 1966, denying the motion to vacate the order of February 1, 1966, sustaining the demurrer without leave to amend, being an order made prior to final judgment and being reviewable upon appeal from the judgment, is dismissed.

Ford, P. J., and Moss, J., concurred.

A petition for a rehearing was denied February 16, 1968, and appellant's petition for a hearing by the Supreme Court was denied March 28, 1968.