EL CAPITAN CLUB, A NEVADA CORPORATION, APPELLANT, v. FIREMAN'S FUND INSURANCE COMPANY, A CORPORATION, RESPONDENT.

No. 6886

February 21, 1973                    506 P.2d 426

[Rehearing denied March 20, 1973]

*Guild, Hagen & Clark,* of Reno, and *Jones and Bednar* and *Louis R. Hersh,* of Los Angeles, California, for Appellant.

*Vargas, Bartlett & Dixon, Ltd.,* and *Frederic R. Starich,* of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district court dismissing Appellant El Capitan Club's complaint for a declaratory judgment, on the ground that the complaint was prematurely filed.[1]

1. The action is predicated on a comprehensive general liability insurance policy issued by Respondent Fireman's Fund

---

[1] The dismissal was granted during the examination of the first witness called by the Club, on motion of the respondent-defendant. The Club, for the record, made an offer of proof of the remaining witness's testimony. The judge granted the dismissal pursuant to NRCP 41(b).

Insurance Company to El Capitan Club, wherein the Fund agreed on behalf of the Club to pay all sums that the Club should become legally obligated to pay as damages arising from bodily injury or property damage to third persons, the liability being limited in the policy to $1 million per person and $1 million in the aggregate.

The Club owns and operates a hotel-casino in Hawthorne, Nevada. It was doing business as such on February 18, 1969, at which time the policy was in full force and effect. On that date an aircraft owned and operated by Mineral County Airlines, Inc., while on a return flight from Hawthorne, Nevada, to Burbank, California, crashed in California. All 32 passengers, who had been guests of the Club, and the plane's crew, perished in the crash. The Club had a working agreement with Mineral Airlines to fly patrons in California to its hotel in Hawthorne.

As a result of the crash, numerous suits have been filed in several California courts, naming Mineral Airlines and the Club as defendants. The Club requested Fireman's Fund to defend the suits on its behalf. Fireman's Fund initially declined to do so, but 2 years later agreed to defend and is presumably representing the Club, but with a reservation. The Fund claims that it is not liable under the policy for any damages arising out of the plane crash. This is the precise question the Club wishes decided in its action for declaratory relief. The Fund has denied coverage, under the exclusionary clauses of its policy, one of which excluded coverage as to the ownership, maintenance, and operation of any aircraft,[2] and another of

---

[2]The exclusion reads:

"IT IS AGREED THAT UNDER PART I LIABILITY COVERAGE EXCLUSION (B)(1) IS DELETED IN ITS ENTIRETY AND THE FOLLOWNG SUBSTITUTED THEREFOR:

"THE POLICY DOES NOT APPLY UNDER COVERAGES PART I TO (1) THE OWNERSHIP, MAINTENANCE, OPERATION OR USE, LOADING OR UNLOADING OF AIRCRAFT, AND (2) EXCEPT WITH RESPECT TO OPERATIONS PERFORMED BY INDEPENDENT CONTRACTORS AND EXCEPT WITH RESPECT TO LIABILITY ASSUMED BY THE INSURED UNDER A CONTRACT AS DEFINED HEREIN, TO THE OWNERSHIP, MAINTENANCE, OPERATION, USE, LOADING OR UNLOADING OF (A) WATERCRAFT, IF THE OCCURRENCE OR ACCIDENT OCCURS AWAY FROM PREMISES OWNED BY, RENTED TO OR CONTROLLED BY THE NAMED INSURED, EXCEPT INSOFAR AS THIS PART OF THIS EXCLUSION IS STATED IN THIS POLICY TO BE INAPPLICABLE: (B) AUTOMOBILES, IF THE OCCURRENCE OR ACCIDENT OCCURS AWAY FROM SUCH PREMISES OR THE WAYS IMMEDIATELY ADJOINING."

which denied coverage for any damages arising in an arrangement where the Club was involved in a partnership or joint venture and where the other partner or joint venturer was not designated as a named insured in the policy.[3]

2. The district judge dismissed the declaratory action on the ground that it was premature. It is true that a court may refuse to enter a declaratory judgment where to do so would not terminate the controversy giving rise to the action. NRS 30.080.[4]

Additionally, whether a determination is proper in an action for declaratory relief is a matter within the trial judge's discretion that will not be disturbed on appeal unless abused. Hannula v. Hacienda Homes, Inc., 211 P.2d 302 (Cal. 1949). In the instant case, we believe that the trial judge should have entertained the action for declaratory judgment and decided it.

The Club, in support of its position that the court below should have entertained the complaint for declaratory relief, relies upon General Ins. Co. v. Whitmore, 45 Cal.Rptr. 556 (Cal.App. 1965), *hearing denied* Sept. 15, 1965 (Cal. 1965). There, the California court held that an action for a declaratory judgment was not premature, though it was brought before any judgment was recovered against the insured by the injured persons. The court further stated that declaratory relief is frequently invoked to determine whether coverage exists under an insurance policy in view of the facts alleged.

The Fund, on the other hand, relies upon General of America Ins. Co. v. Lilly, 65 Cal.Rptr. 750 (Cal.App. 1968), *hearing denied* Mar. 28, 1968 (Cal. 1968), wherein General of America Ins. Co., the insurer, filed an action for declaratory relief. The policy in that case contained a clause providing that an operator of a motor vehicle driving with the permission of the owner would be insured under the terms of the policy. The

---

[3]The limitation reads:

"This insurance does not apply to bodily injury or property damage arising out of (1) a non-owned automobile used in the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured, or (2) if the named insured is a partnership, an automobile owned by or registered in the name of a partner thereof."

[4]NRS 30.080:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

issue presented in the declaratory relief complaint was whether the driver of the vehicle owned by the insured was, at the time of the accident, acting within the course and scope of his agency and with the consent of the insured. The defendant moved to dismiss the complaint on the ground that the issue of permission and consent was an ultimate issue which could be determined in the tort action. The trial court granted the motion for dismissal, and the California appellate court affirmed, stating, in part, 65 Cal.Rptr. at 754:

"The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. . . ."

This is not the case in the present appeal. The beneficial results of an early determination of the issue of coverage under the policy are manifest. Subsequent to the fatal accident, approximately 18 separate lawsuits for wrongful death were filed in California, with the Club as a named defendant; if tried, the cases will be decided by different juries. Most, if not all, of these complaints allege that the Club was engaged in a common enterprise or joint venture with Mineral Airlines and that the Club negligently inspected, maintained, or operated the fatal craft. Some of these actions have been settled by another insurance carrier, with the Club's approval, within the limits of its other coverage. If the remaining cases are tried, it is evident that the several juries may reach different conclusions as to the validity of the allegation that the Club was a coadventurer or engaged in a joint enterprise with Mineral Airlines. Accordingly, it cannot be fairly contended that the related issue of coverage sought to be determined in the present case will necessarily be determined in the California cases. Moreover, the issue may not even be reached if the juries were to rule there for the Club on the question of liability. And, of course, all of the litigated cases would further be subject to appellate review. During this time—perhaps years—the important question of coverage would be in limbo. This cannot be the most expeditious and effective manner of reaching the issue of coverage. We believe that in the instant case more effective relief can be granted in the present declaratory judgment action. As the California court said in Jones v. Robertson, 180 P.2d 929, 933 (Cal.App. 1947), *hearing denied* July 17, 1947 (Cal. 1947), in quoting from Borchard's "Declaratory Judgments," 2d ed., at 302–303:

". . .'it is wrong for courts to decline a declaration on the mere ground that another remedy was available, for declaratory relief was not intended to be exclusive or extraordinary,

but alternative and optional. It is only where the court believes that *more* effective relief can and should be obtained by another procedure and that for that reason a declaration will not serve a useful purpose, that it is justified in refusing a declaration because of the availability of another remedy.' " (Emphasis in original.)

It is clear that an early resolution of the question of coverage will be advantageous to all parties. It could be meaningful in the mandatory pretrial *settlement* negotiations of the pending cases in California. Indeed, it would appear that even the Fund should be desirous of an early determination of its liability, since it has now committed itself to defending the numerous lawsuits pending in California, which litigation may extend over a considerable period of time.

Declaratory judgments have been sought more often in insurance litigation than in any other field. Reed v. Pacific Indem. Co., 225 P.2d 255 (Cal.App. 1950), *hearing denied* Feb. 8, 1951 (Cal. 1951); 62 Harv.L.Rev. 787 (1949). To the insured, the expectation that the insurer will perform its obligations may be as important as the performance itself. An action is not premature even though it is brought before any judgment is recovered against the insured by a third party. Declaratory relief is frequently sought to determine whether coverage exists under an insurance policy. We hold that, before a court may properly exercise its discretion to refuse declaratory relief on the ground that other remedies are available, it must clearly appear that the asserted alternative remedies are available to the plaintiff seeking declaratory relief, and that such remedies are speedy and adequate or as well suited to the plaintiff's needs as is declaratory relief. General Ins. Co. v. Whitmore, *supra*. That showing is not present in the record before us. We therefore reverse the order dismissing the complaint, and we remand the case for a full hearing in the court below.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.