**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Basil HARRIS, a minor, by and through his guardian ad litem, Roxie Harris, Sterling Joseph, and James Joseph, Defendants.**

**No. C–77–1692–CBR.**

United States District Court, N. D. California.

Feb. 6, 1978.

848

Walcom & Harmon, Leo J. Walcom, San Francisco, Cal., for plaintiff.

Hallinan & Blum, Elton J. Blum, San Francisco, Cal., for defendant Basil Harris.

Bartke & Abelson, Howard P. Abelson, Richmond, Cal., for defendants Sterling Joseph and James Joseph.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

In these cross motions for summary judgment, each party seeks a final judgment declaring whether or not plaintiff Allstate Insurance Company ("Allstate") is obligated to defend or to pay any damages that may be awarded in a tort action presently pending in a California state court. The issues of insurance coverage raised by the parties are fairly straightforward. The more difficult question is whether the Court should exercise its discretion to issue a declaratory judgment in this diversity action at all. After careful consideration of the relevant authorities in light of the circumstances of this case, the Court has concluded that a declaration may properly issue as to the liability claimed against defendant James Joseph. As to defendant Sterling Joseph, however, the Court finds that a declaration at this time would not advance the interests of justice. Accordingly, the action will be stayed as to him until such time as the suit now pending in state court is brought to a conclusion.

The action arises out of an altercation between defendant Sterling Joseph and defendant Basil Harris, both minors, in the course of which Joseph allegedly assaulted Harris, causing serious injury. On February 17, 1977, Harris filed a tort action in the Superior Court of the State of California for the County of Contra Costa seeking

damages—both compensatory and punitive—against Sterling Joseph for assault and battery, and against James Joseph for negligent failure to supervise the activities of his minor son. Allstate undertook the defense of the action pursuant to the covenant to defend contained in a policy of homeowner's insurance issued to James Joseph, under which Sterling was also an insured. However, the defense was furnished subject to a reservation of rights, and on August 3, 1977, Allstate filed this action against Harris by his Guardian ad Litem Roxie Harris, and against both Josephs, seeking a declaration that no coverage exists under the policy and that Allstate is not required to further defend the action. Jurisdiction is based on the diversity of citizenship between Allstate, a citizen of Illinois, and the defendants, all citizens of California. On November 14, 1977, the Josephs filed a motion, in which Harris joined, for summary judgment and for a declaration to the opposite effect. Allstate filed a cross motion, and arguments on the motions were heard on November 30, 1977.

■ The only issue on the merits of the case is whether the injury suffered by Basil Harris was "either expected or intended from the standpoint of the Insured," within the meaning of exclusion 1(f) of the policy in question, or "caused by the wilful act of the insured" within the meaning of § 533 of· the California Insurance Code (West 1972). As to defendant James Joseph, this is an issue of contractual and statutory interpretation, which is not involved in the underlying tort action and thus appropriate for declaratory judgment in order to relieve the present uncertainty concerning the rights and ·duties of the parties. *See generally McGraw-Edison Company v. Preformed Line Products Company,* 362 F.2d 339, 342–343 (9 Cir.), *cert. denied,* 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966). Even assuming that Sterling Joseph intentionally injured Harris, California law has long held that an insured who becomes liable for the intentional act of another insured is entitled to a defense and to indemnity pursuant to the terms of a contract of personal liability insurance, notwithstanding policy language

barring coverage for intentional acts. *Arenson v. National Automobile & Casualty Ins. Co.,* 45 Cal.2d 81, 286 P.2d 816 (1955). Accordingly, defendants' motion for summary judgment will be granted with respect to James Joseph.

■ As to Sterling Joseph, the questions of coverage and of Allstate's duty to defend raise an issue of fact. Harris has now amended his complaint in state court to add a cause of action based on negligence, on the theory that the injury was an unintentional one, inflicted in self-defense. It is well settled that liability arising from acts exceeding the reasonable bounds of self-defense do not fall within the exclusions at issue here, *e. g., Mullen v. Glens Falls. Ins. Co.,* 73 Cal.App.3d 163, 140 Cal.Rptr. 605, 609–610 (1977), and Sterling Joseph's version of the facts invites such an interpretation, Affidavit of Elton J. Blum in Support of Motion for Summary Judgment, filed Nov. 18, 1977, at 2. But the incident as recounted by other witnesses would completely exclude any theory of self-defense, *see* Exhibits A–C to plaintiff's Motion for Summary Judgment, filed Nov. 17, 1977, and consequently relieve Allstate of its duty to defend. To resolve this controversy, the Court must thus decide a disputed question of fact that is at the heart of the underlying tort action: Did Sterling Joseph intentionally injure Basil Harris? Of course, the legal issues are not precisely the same. Not all acts legally defined as intentional torts fall within the policy exclusion. *Gray v. Zurich Insurance Company,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 110 n.12, 419 P.2d 168 (1966). And punitive damages will not be assessed in every case of intentional action under either definition. *Brewer v. Second Baptist Church of Los Angeles,* 32 Cal.2d 791, 197 P.2d 713, 719–720 (1948). Therefore, the issue of intent for purposes of insurance coverage will not necessarily be resolved in the underlying action.

Defendants urge that California law permits this Court to hold Allstate to a duty to defend without resolving this factual issue. Unfortunately, defendants' argument rests

on an overly broad reading of the first holding of *Gray v. Zurich Insurance Company, supra,* 54 Cal.Rptr. 104, 419 P.2d 168. Contrary to their assertion, that case does not establish a general duty to defend intentional tort actions regardless of policy exclusions. The California Supreme Court there held a particular exclusion inapplicable to the duty to defend because of the specific policy language and arrangement presented to it. 54 Cal.Rptr. at 110–111, 419 P.2d at 174–175. Thus, the same court recently distinguished *Gray* as a case involving an exclusionary clause "hidden in a subsequent section of the policy bearing no clear relationship to the insuring clause, or concealed in a mass of fine print." *National Insurance Underwriters v. Carter,* 17 Cal.3d 380, 131 Cal.Rptr. 42, 46, 551 P.2d 362, 366 (1976). Since the clause at issue here is as conspicuous as that upheld in *Carter,* it cannot be invalidated on the authority of *Gray.*

Turning to the alternative holding in *Gray,* defendants argue that it establishes a rule of law barring decision on the question of coverage until after judgment in the underlying case. The Supreme Court did state that a carrier is required to defend any suit which seeks damages potentially within the coverage of the policy, 54 Cal. Rptr. at 110, 419 P.2d at 174, and that the obligation to indemnify "inevitably will not be defined until the adjudication of the very action which [the carrier] should have defended," 54 Cal.Rptr. at 109, 419 P.2d at 173. But these statements must be read in the procedural setting of an action brought by the insured after judgment in the underlying case, seeking damages for the carrier's wrongful failure to defend. Read in this light, *Gray* is consistent with earlier law to the effect that the duty to defend arises as to any claim which may or may not be covered by the policy, but that that duty can be terminated by a final declaratory judgment, which is generally available to adjudicate issues of coverage prior to disposition of the underlying tort action. *E. g., General Insurance Company v. Whitmore,* 235 Cal.App.2d 670, 45 Cal.Rptr. 556 (1965); *Fireman's Fund Insurance Company v.* *Chasson,* 207 Cal.App.2d 801, 24 Cal.Rptr. 726, 729 (1962); *see State Farm Mutual Auto. Ins. Co. v. Superior Court,* 47 Cal.2d 428, 304 P.2d 13 (1956). Although present law is not entirely clear, subsequent cases have generally continued to hold that a declaratory judgment is available to the insurer to adjudicate such issues, at least where, as here, a decision for noncoverage would be adverse to the insured's interests in the tort action. *Johansen v. California State Auto. Ass'n Inter-Ins. Bur.,* 116 Cal. Rptr. 546, 551 (1974), *rev'd on other grounds,* 15 Cal.3d 9, 123 Cal.Rptr. 288, 538 P.2d 744 (1975); *Allstate Insurance Company v. Fisher,* 31 Cal.App.3d 391, 107 Cal. Rptr. 251, 254–255 (1973); *Hartford Accident & Indemnity Co. v. Pacific Indemnity Co.,* 249 Cal.App.2d 432, 57 Cal.Rptr. 492, 494 (1967). *But cf. Williamson & Vollmer Eng. v. Sequoia Ins. Co.,* 64 Cal.App.3d 261, 134 Cal.Rptr. 427, 435 (1976); *State Farm Mutual Auto. Ins. Co. v. Allstate Ins. Co.,* 9 Cal.App.3d 508, 88 Cal.Rptr. 246, 258 (1970).

In accordance with these authorities, the Court concludes that resolution of the question of Allstate's duty to defend Sterling Joseph requires adjudication of the disputed factual issue of intent. To resolve such an issue in a separate federal court proceeding when a similar issue involving the same evidence and essentially the same parties is pending in state court, and when all parties other than the insurance company are citizens of California, causes this Court grave concern. It is ordinarily neither sound judicial administration nor in the interests of the parties, particularly the injured state court plaintiff, to permit an out-of-state insurance carrier to drag the parties to a tort action into federal court to try a portion of the overall controversy among those parties. *See generally Maryland Casualty Co. v. Boyle Const. Co.,* 123 F.2d 558, 565–566 (4 Cir. 1941); *New York Central Railroad Co. v. Colonial Stores, Inc.,* 332 F.Supp. 531, 534–536 (S.D.Ohio 1971); *Phoenix Insurance Company v. Harby Marina, Inc.,* 294 F.Supp. 663 (N.D.Fla.1969). These concerns have led to a general rule under the applicable federal law that a

federal court should ordinarily decline to exercise diversity jurisdiction over a declaratory judgment action when the same issues of state law will necessarily be determined in a pending state suit. *E. g., Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

Here, however, the critical issue for purposes of coverage will not be decided in the tort action. And although it may be possible to join Allstate as a party to that action, *see Zak v. State Farm Mutual Liability Insurance Company*, 232 Cal.App.2d 500, 42 Cal.Rptr. 908, 910–911 (1965), the issue of coverage would have to be severed for trial, *id., State Farm Mutual Auto. Ins. Co. v. Superior Court, supra*, 304 P.2d at 14–15. In such circumstances, the Courts of Appeals have uniformly held that it is an abuse of discretion for a district court to dismiss declaratory judgment actions brought by insurance carriers. *Sears, Roebuck and Co. v. Zurich Insurance Company*, 422 F.2d 587 (7 Cir. 1970); *Western Casualty and Surety Company v. Teel*, 391 F.2d 764, 766 (10 Cir. 1968); *American States Insurance Company v. D'Atri*, 375 F.2d 761 (6 Cir. 1967); *Stout v. Grain Dealers Mutual Insurance Company*, 307 F.2d 521, 523–524 (4 Cir. 1962); *Associated Indemnity Corp. v. Garrow Co.*, 125 F.2d 462 (2 Cir. 1942); *Maryland Casualty Co. v. United Corporation*, 111 F.2d 443, 446 (1 Cir. 1940); *Maryland Casualty Co. v. Consumers Finance Service*, 101 F.2d 514 (3 Cir. 1938); *see also Provident Bank v. Patterson*, 390 U.S. 102, 126–128, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Nothing in the instant case requires a different conclusion. To remit the parties to a state court would not alleviate any of the problems of efficiency or fairness that give rise to the Court's concern. Although the state court would have discretion to schedule the declaratory judgment either before or after the tort action, *State Farm Mutual Auto. Ins. Co. v. Superior Court, supra*, 304 P.2d at 16, in the circumstances of this case this Court has equal ability to do so. The exercise of diversity jurisdiction in cases such as this is of dubious social value in an era of limited judicial resources. But where a dismissal would only serve to force the parties to start over in state court, it would be improper for a federal court to decline to exercise that jurisdiction.

Allstate is thus entitled to litigate its claim of noncoverage in an independent declaratory judgment action in federal court. However, further consideration of the interests involved in this case has convinced the Court that a trial at this point in the proceedings would place an unfair burden on the insured, in violation of his expectations and of the policies favoring insurance against risks. Since the policy exclusion covers a narrower range of acts than those constituting intentional tort, a finding that Sterling Joseph intentionally injured Harris within the meaning of that exclusion would establish Joseph's substantive liability for assault and battery. All parties to the state court suit being present in this action, Joseph could well be collaterally estopped from relitigating the issue of intent in the subsequent state court trial. He would thus be subjected to both tort liability and the possibility of punitive damages, all because of the facts established against him in this Court by Allstate. Yet the superior resources and expertise of the insurance company in litigating these matters are one aspect of the protection an insured purchases with his policy. *See Gray v. Zurich Insurance Company, supra*, 54 Cal.Rptr. at 114, 419 P.2d at 178. Here, the policy language was sufficiently clear to preclude any reasonable expectation of a defense to claims for damages caused intentionally. At the same time, the insured could not possibly have anticipated that the very resources for which he bargained would be turned against him and used to establish his liability whenever intentional tort was alleged. An early declaratory judgment in these circumstances would serve as a procedural mechanism to defeat the reasonable expectations of the insured, which state courts have so zealously guarded through contract interpretation.

On the other hand, it is unlikely that a jury verdict awarding damages in state court would include a determination of mere negligence rather than intentional tort. And even if it did, the applicable

California principles of collateral estoppel are clear that Allstate would not be bound thereby in this action. Pursuant to its reservation of rights, Allstate may assert and seek to prove that Sterling Joseph's action was intentional for purposes of coverage, notwithstanding a clear finding to the contrary in the tort action. *Gray v. Zurich Insurance Company, supra,* 54 Cal.Rptr. at 114, 419 P.2d at 178; *Centennial Insurance Company v. Miller,* 264 F.Supp. 431, 436 (E.D.Cal.1967). If the act is later held intentional, Allstate will have been burdened in the interim by the defense of a claim it had no duty to defend. But this burden is inconsequential in comparison with the burdens that would be imposed on an insured by the alternative scenario outlined above, particularly since Allstate must in any case defend the tort action on behalf of James Joseph.

Some courts have held that it is error to withhold declaratory relief where, as here, a declaratory judgment would afford relief from the uncertainty giving rise to the proceeding. *Broadview Chemical Corporation v. Loctite Corporation,* 417 F.2d 998, 1001 (2 Cir. 1969), *cert. denied,* 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970). Under the peculiar circumstances of this case, however, the Court finds that it would be an unwarranted interference with the state court proceeding and with state policies governing the administration of insurance disputes to permit the action to proceed at this time.[1] *See Great American Insurance Company v. Ratliff,* 242 F.Supp. 983, 990 (E.D.Ark.1965); Note, The Role of Declaratory Relief and Collateral Estoppel in Determining the Insurer's Duty to Defend and Indemnify, 21 Hastings L.J. 191, 213–215 (1969). Therefore, the Court will exercise its discretionary power to stay its hand pending the outcome of the state tort action. *See PPG Industries, Inc. v. Continental Oil Company,* 478 F.2d 674, 681–682 (5 Cir. 1973).

Accordingly, IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted as to defendant James Joseph and denied as to defendant Sterling Joseph.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS HEREBY FURTHER ORDERED that the action is stayed until the proceedings now pending in the Superior Court of the State of California for the County of Contra Costa are completed, or until such earlier time as the Court may, on good cause shown, allow.

IT IS HEREBY FURTHER ORDERED that counsel for defendant James Joseph shall prepare an appropriate form of judgment, obtain approval of other counsel as to form, and submit it to the Court for execution within ten (10) days of the date of this order.

---

1. The Court is not unaware that similar suits have been allowed to proceed in both federal and California courts. *See Stout v. Grain Dealers Mutual Ins. Co., supra,* 307 F.2d 521; *Allstate Insurance Company v. Detwiler,* No. C–76–633–RHS (N.D.Cal. Nov. 21, 1976); *Ameri-* can Motorists Insurance Company v. Mack, 248 F.Supp. 1016 (E.D.Pa.1965); *General Insurance Company v. Whitmore, supra,* 45 Cal. Rptr. 556. In none of these cases, however, did the court consider the concerns of insurance policy discussed in the text.