NATIONWIDE MUTUAL INSURANCE
COMPANY *v.* BROWNING.

DECLARATORY JUDGMENT—PREMATURITY—NOTICE TO INSURER.

Declaratory judgment that plaintiff insurance company was liable under policy of automobile insurance for injuries suffered by pedestrian if defendant insured was liable to the pedestrian, and that 6-month delay in giving notice to insurer of accident was not prejudicial to insurer *held*, prematurely entered where the question of whether the actions of the insured and the reported driver of his automobile were prejudicial to insured could only be conclusively shown after a trial of the main case.

Appeal from Wayne, Kaufman (Nathan J.), J. Submitted Division 1 May 15, 1968, at Detroit. (Docket No. 3,432.) Decided June 3, 1968.

Complaint by Nationwide Mutual Insurance Company for declaratory judgment against Morris W. Browning, Joyce Hunter and Ulysesses W. White, seeking a declaration that the insurer was not liable under a certain contract of insurance. Judgment determining plaintiff liable. Plaintiff appeals. Judgment set aside, and remanded for further proceedings.

*Davidson, Gotshall, Kelly, Halsey & Kohl (Terrance M. Lynch,* of counsel), for plaintiff.

*Sheldon L. Miller,* for defendant Ulysesses White.

*Frances R. Avadenka,* for defendants Browning and Hunter.

REFERENCES FOR POINTS IN HEADNOTE
22 Am Jur 2d, Declaratory Judgments §§ 18, 46, 47.

PER CURIAM. On June 28, 1962, Ulysesses W. White, a pedestrian, brought an action for damages in the Wayne county circuit court claiming he was struck down on December 24, 1961, by a vehicle owned by Morris W. Browning and purportedly driven by Joyce Hunter. Therein he claimed that at the time of the accident he was walking along the berm of Van Born road in Wayne county, Michigan. Defendants Hunter and Browning denied White's claim and alleged that the accident occurred when White staggered onto the highway into the side of the vehicle.

The vehicle was insured by Nationwide Mutual Insurance Company, plaintiff herein. It was not notified of the accident until approximately six months after the occurrence of the accident and because of this fact, requested and received a non-waiver agreement from (Hunter and) Browning.

After the pretrial but before the action of White against Hunter and Browning was set for trial, Hunter informed plaintiff herein that she had not been driving the vehicle at the time of the accident, thereby contradicting her previous statements and discovery testimony. Subsequently Browning also indicated that in fact he had been the driver of the vehicle at the time of the accident.

Plaintiff herein filed an action for declaratory judgment relieving it of liability claiming prejudice amounting to a breach of the terms of its insurance contract because it had not received prompt notification of the accident and the facts regarding who was the driver of the vehicle misrepresented by Hunter and Browning.

In the declaratory judgment action, the trial judge found that there had been a breach of the insurance policy as claimed by plaintiff, but at that time failed to find prejudice resulting to plaintiff and therefore

concluded that plaintiff was required to fulfill its contractual obligations to Browning according to the terms of the insurance policy. Plaintiff has appealed the trial court's determination.

In view of the fact that the matter of determining whether the actions of Hunter and Browning were prejudicial to plaintiff herein may only be conclusively shown after the trial of the main case we find that the declaratory judgment was prematurely entered. We therefore set the declaratory judgment aside and remand the matter to the trial court for determination after the main case is heard.

No costs.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.