[Civ. No. 9703. Fourth Dist., Div. One. Mar. 24, 1970.]

STATE FARM FIRE AND CASUALTY COMPANY,
Plaintiff and Respondent, v.
RONALD E. MILLER, Defendant and Appellant.

838

**COUNSEL**

Pollock, Pollock, Fay & Baum, Eugene P. Fay and Edward I. Pollock for Defendant and Appellant.

Robert E. Cartwright, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Thomas T. Anderson, Joseph W. Cotchett and Leonard Sacks as Amici Curiae on behalf of Defendant and Appellant.

Spray, Gould & Bowers and Daniel O. Howard for Plaintiff and Respondent.

**OPINION**

**COUGHLIN, J.**—Defendant Miller appeals from a judgment in a declaratory relief action decreeing plaintiff State Farm Fire and Casualty Company is not liable under its automotive public liability policy issued to Leon

Jacovides against whom Miller obtained a judgment for damages arising out of an accident covered by the policy.

The judgment was predicated upon a finding the policy issued by plaintiff to Jacovides required the latter's assistance and cooperation in the defense of any action against him involving the subject matter of the insurance; upon the fact Jacovides was not present and did not testify at the trial of the action resulting in the judgment against him in favor of Miller; upon the finding of the court the presence and testimony of Jacovides was material and necessary in the defense of that action; upon the further finding Jacovides wilfully concealed his presence and whereabouts from plaintiff; upon the conclusion of law Jacovides breached the assistance and cooperation clause in the policy issued to him by plaintiff which required his cooperation in defense of the action in question; and upon the further conclusion of law plaintiff was materially prejudiced in the defense of that action by the wilful failure and refusal of Jacovides to assist and cooperate with plaintiff as required by the policy.

■ An insurer under an automotive public liability policy may assert the breach by the insured of a cooperation clause upon which the policy was conditioned in defense of its obligation thereunder (*Campbell* v. *Allstate Ins. Co.,* 60 Cal.2d 303, 305 [32 Cal.Rptr. 827, 384 P.2d 155]; *Hynding* v. *Home Acc. Ins. Co.,* 214 Cal. 743, 746-751 [7 P.2d 999, 85 A.L.R. 13]), providing the insurer exercised reasonable diligence to procure the cooperation of the insured (*Billington* v. *Interinsurance Exchange of Southern Cal.,* 71 Cal.2d 728, 744 [79 Cal.Rptr. 326, 456 P.2d 982]; *Jensen* v. *Eureka Casualty Co.,* 10 Cal.App.2d 706, 708 [52 P.2d 540]), and providing the insurer is substantially prejudiced by the failure of the insured to cooperate. (*Campbell* v. *Allstate Ins. Co., supra,* 60 Cal.2d 303, 305; *Hynding* v. *Home Acc. Ins. Co., supra,* 214 Cal. 743, 752.)

■ To prove substantial prejudice by the failure of the insured to cooperate in the defense of the action against him the insurer "must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured's favor." (*Billington* v. *Interinsurance Exchange of Southern Cal., supra,* 71 Cal.2d 728, 737.)

■ The burden of proving the insurer was substantially prejudiced by the failure of the insured to cooperate is upon the former. (*Billington* v. *Interinsurance Exchange of Southern Cal., supra,* 71 Cal.2d 728, 737; *Campbell* v. *Allstate Ins. Co., supra,* 60 Cal.2d 303, 306.)

In the case at bench the court found plaintiff exercised due diligence to locate Jacovides to secure his appearance and testimony at the trial of the action brought by Miller. The only finding of fact material to the issue of prejudice was the finding Jacovides' presence and testimony were material and necessary in the defense of the action by Miller. Upon this finding the court premised its conclusion of law plaintiff was materially prejudiced in the defense of the action by Jacovides' failure and refusal to assist and cooperate.

Defendant contends the evidence establishes as a matter of law Jacovides did not breach the cooperation clause, and also that plaintiff was not prejudiced by his failure to attend the trial and testify.

On June 13, 1965, an automobile driven by Jacovides, with whom Miller and his wife were riding as passengers, left the highway, struck an embankment and turned over. All occupants were thrown from the car. Miller was injured and his wife was killed. Jacovides made a report of the accident to plaintiff under date of June 15, 1965. On October 5, 1965, Miller filed an action in the County of Los Angeles seeking damages on account of injuries sustained by him and the death of his wife allegedly caused by Jacovides' negligence. Following service of summons and complaint Jacovides, who had been inducted into the Armed Services of the United States on October 1, 1965, referred the matter to plaintiff which in turn referred it to a law firm to conduct the defense. On November 1, 1965, the attorneys for Jacovides moved for change of venue to Orange County which was granted. Sometime in November 1965 and again in December 1965 plaintiff caused letters to be sent to Jacovides directing them to an Anaheim address. Both letters were returned. In the latter part of November or the first part of December 1965 plaintiff learned Jacovides was in the Armed Services. On March 4, 1966, the attorneys for Jacovides filed an answer to Miller's complaint. On August 8, 1966, Jacovides deserted the Armed Services and from that time his whereabouts have been unknown. Plaintiff learned of his desertion in April 1967 and undertook to locate him so that he would be available to assist in the defense of the action.

The evidence sustains the finding of the trial court plaintiff exercised due diligence to locate Jacovides. It was shown plaintiff employed a private investigator to locate him; checked credit sources; inquired of the F.B.I. which advised it was engaged in an extensive search; checked the records of the Department of Motor Vehicles; communicated with his parents; also communicated with the Army; but was unable to locate him.

Defendant contends the evidence does not support the conclusion of noncooperation because it was undisputed plaintiff never requested Jacovides to attend the trial or to keep it informed of his whereabouts. This contention raises false issues. Jacovides breached the cooperation clause

when he made it impossible to ascertain his whereabouts. (*Allstate Ins. Co.* v. *King,* 252 Cal.App.2d 698, 704 [60 Cal.Rptr. 892].) He made it impossible for plaintiff to communicate with him. Implicit in the finding plaintiff exercised due diligence is the further finding its failure to request notification of his whereabouts and of his presence at the trial before he made it impossible to communicate with him was not unreasonable. In any event, the fact Jacovides deserted supports the conclusion he would not have advised plaintiff of his whereabouts and would not have attended the trial even though he had been reminded of his obligation in the premises before he had deserted. The conclusion of law Jacovides breached the cooperation clause in the policy is supported by findings premised on substantial evidence.

■ Defendant's contention the evidence is insufficient to establish plaintiff was not substantially prejudiced by Jacovides' failure to attend and testify at the trial is premised upon the claim his report of the accident to plaintiff relates facts establishing liability and his testimony in accord with that report would be detrimental rather than beneficial to his defense. Before trial of the personal injury action defendant amended his complaint to set forth two causes of action; one alleging he and his wife were passengers for compensation and the accident was the proximate result of Jacovides' negligence; and the other alleging the accident was the proximate result of Jacovides' wilful misconduct. Whether the verdict was based upon a finding of negligence or of wilful misconduct is not determinable from the record in the case. At issue was the question whether defendant and his wife were passengers for compensation; whether Jacovides was negligent; whether he was guilty of wilful misconduct; and whether Miller assumed the risk of injury and death. Our review of the record indicates even though Jacovides testified to the facts related in his report to plaintiff, his testimony as a matter of law would not dictate a conclusion favorable to Miller on any of these issues. The record establishes the trial judge was conscientiously concerned about the question whether plaintiff was substantially prejudiced by Jacovides' noncooperation. In discussions between court and counsel the judge expressed the belief the mere absence of Jacovides was a factor showing prejudice in light of the comment by counsel for Miller in his argument to the jury respecting the matter; and referred to the decision in *Allstate Ins. Co.* v. *King, supra,* 252 Cal.App.2d 698, 710, where the court commented on the prejudicial effect the absence from trial of a party charged with negligence has upon his case. Since the trial of the case the Supreme Court in *Billington* v. *Interinsurance Exchange of Southern Cal., supra,* 71 Cal.2d 728, 737, adopted the rule an insurer claiming substantial prejudice from the noncooperation of an insured must show "at the very

least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured's favor." The finding by the court in the case at bench that the presence and testimony of Jacovides at the trial of the action brought by Miller was material and necessary in the defense thereof is not equivalent to a finding there was a substantial likelihood the trier of fact in that action would have found in his favor if he had been present and testified. To determine whether there was a substantial likelihood the trier of fact would have found in favor of an insured not present at the trial of the action against him, the fact of his absence must be considered in light of the evidence in support of the case in his favor, including the testimony he might give, and the evidence in support of the case against him. A mere showing of absence is not sufficient.

The findings of the trial court in the case at bench do not support the conclusion of law Jacovides' breach of the cooperation clause in his policy substantially prejudiced plaintiff in the defense of the action brought by Miller against him.

Defendant's further contentions plaintiff waived its right to assert a breach of the cooperation clause in defense of its obligation under the policy because it continued to conduct the defense of the action against Jacovides after learning of his desertion and unavailability has no merit. Equally without merit is the contention the noncooperation clause in plaintiff's policy of insurance is contrary to public policy. (*Billington* v. *Interinsurance Exchange of Southern Cal., supra,* 71 Cal.2d 728, 741; *Hynding* v. *Home Acc. Ins. Co., supra,* 214 Cal. 743, 746.)

The judgment is reversed with instructions to conduct a further hearing solely on the issue of substantial prejudice in accord with the principles expressed herein and in *Billington* v. *Interinsurance Exchange of Southern Cal., supra,* 71 Cal.2d 728; to consider the evidence previously presented and such additional evidence on the issue as the parties may desire to present; and to make a finding of fact on that issue; and to enter judgment accordingly.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied April 9, 1970, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1970.