[Civ. No. 1250. Fifth Dist. Feb. 16, 1971.]

COLLEY HALL, Plaintiff and Appellant, v.
TRAVELERS INSURANCE COMPANIES, Defendant and Respondent.

COUNSEL

Fullerton, Lang & Richert and William T. Richert for Plaintiff and Appellant.

Stammer, McKnight, Barnum, Bailey & Barnett and Robert L. Kimball for Defendant and Respondent.

OPINION

**GINSBURG, J.**[*]—Plaintiff appeals from an adverse judgment in an action against defendant liability insurer to recover on a prior judgment obtained against defendant's insured motorist, under the provisions of Insurance Code section 11580, subdivision (b)(2).

Plaintiff and one Holland were involved in a two-car collision at an open intersection in rural Fresno County. Holland was the named insured in a policy of automobile liability insurance issued by defendant. Plaintiff filed an action for damages against Holland (Fresno County Superior Court action No. 121203), and was awarded judgment. Based upon this judgment plaintiff seeks to recover against defendant-insurer, under the provisions of Insurance Code section 11580, subdivision (b)(2). Defendant contends that it is not liable by reason of the action of its insured, Holland, in refusing to cooperate in the defense of the original action.

Under the provision of his policy, Holland was required to generally cooperate in certain aspects of the defense of any claim.[1] The evidence was that after the filing of the original suit (case No. 121203, *supra,* herein referred to as "Hall v. Holland,") the defendant, Travelers Insurance Companies, retained the law firm of Stammer, McKnight, Barnum, Bailey & Barnett to represent its insured. Holland appeared at their

---

[*]Assigned by the Chairman of the Judicial Council.

[1]The pertinent sections of the insurance policy are as follows:

"12. Assistance and Cooperation of the Insured. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

"13. Action Against Company. No action shall be against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. . . ."

office at the request of his attorneys for the purpose of verifying the answer; plaintiff's attorneys in the original action then requested that Holland appear for the taking of his deposition.

Thereafter, the lines of cooperation between his attorneys and Holland were fraught with difficulties and frustrations, all of Holland's making. Holland first failed to heed a letter requesting him to appear and have his deposition taken. Subsequently, a registered letter notifying Holland to appear at a later date for deposing went unclaimed. Then, between May and September of 1966, on being contacted personally numerous times by a representative of the defendant, Travelers Insurance Company, Holland promised each time to contact his attorneys and cooperate with them; on each occasion, he failed to do so.

This course of conduct and failure to fulfill his commitments continued for approximately 17 months. During this period of time, plaintiff's counsel in the original suit withdrew their request to depose Holland. Holland's counsel, however, still felt it was necessary to talk with him in the preparation of his defense, but efforts to obtain his attendance at a conference were uniformly unsuccessful.

Finally, attorney Kimball of the defending firm prepared a motion to withdraw as Holland's counsel in the original suit. In order to serve Holland with the notice of motion, a private investigator was employed. It took him 17 days to find Holland, and then Holland endeavored, albeit unsuccessfully, to conceal his identity.

A hearing was held on the motion to withdraw on May 5, 1967. Holland appeared and the court, upon granting the motion, advised him to retain other counsel.

On May 10, 1967, defendant notified Holland by letter of its denial of coverage by reason of his failure to cooperate.

Holland failed to obtain new counsel, and he did not appear at the trial or contest liability. On July 29, 1967, judgment was entered in plaintiff's favor in Hall v. Holland. Plaintiff then brought this action to recover on the judgment. The trial court entered judgment in favor of defendant, finding Holland had breached the cooperation clause of his policy to the prejudice of defendant.

▉ Plaintiff contends, in substance, that there was no justification for the defendant's denial of coverage because there was neither actual prejudice nor a substantial likelihood of a worse outcome by reason of the assured's failure to cooperate. He further contends that defendant

breached its duty to defend Holland, and is strictly liable to *plaintiff* for the breach of this duty. We cannot agree with either of these contentions.

In a suit by an injured party who has obtained a judgment against its insured, an insurer may assert defenses based upon a breach by the insured of a condition of the policy, such as the cooperation clause. But such a breach cannot be a valid defense unless the insurer was substantially prejudiced thereby, and the burden of proving that such a breach resulted in prejudice is on the insurer. (*Campbell* v. *Allstate Ins. Co.*, 60 Cal.2d 303 [32 Cal.Rptr. 827, 384 P.2d 155]; *Allstate Ins. Co.* v. *King*, 252 Cal.App.2d 698 [60 Cal.Rptr. 892].) ". . . [A]n insurer, in order to establish it was prejudiced by the failure of the insured to cooperate in his defense, must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured's favor. . . ." (*Billington* v. *Interinsurance Exchange,* 71 Cal.2d 728, 737 [79 Cal. Rptr. 326, 456 P.2d 982].)

"An insurer under an automotive public liability policy may assert the breach by the insured of a cooperation clause upon which the policy was conditioned in defense of its obligation thereunder [citations], providing the insurer exercised reasonable diligence to procure the co-operation of the insured [citations], and providing the insurer is substantially prejudiced by the failure of the insured to cooperate [citations]." (*State Farm Fire & Cas. Co.* v. *Miller,* 5 Cal.App.3d 837, 840 [85 Cal. Rptr. 288].)

We must thus look to the evidence to see whether it supports the finding of the trial court that defendant was prejudiced by Holland's failure to cooperate.

At the trial, the testimony of a highway patrolman showed that the accident involved occurred at an open intersection, and that defendant's insured, Holland, had the right of way. Attorney Kimball, the attorney who handled the matter, testified that, in the absence of any response to his request for the taking of depositions and in the absence of even having a statement from Mr. Holland other than that in the police report, he did not really know what Holland would have testified to; and that, although he did not know if evidence of the defense could be produced without Holland's testimony, he did ". . . know, as a practical matter, the representation of the client who is claiming contributory negligence . . . has a much better chance of succeeding if the client is in court. . . ."

Appellant points to the fact that there was no evidence that Holland would not have appeared at the trial. But possible prejudice from

lack of cooperation is not limited to failure to appear at the trial; prejudice may occur before the trial by reason of the failure of the assured to cooperate. The cooperation clause of the policy (*fn. 1, supra*) specifically provides that the assured shall ". . . assist in effecting settlements, securing and giving evidence . . . and in the conduct of suits." Each of these duties requires affirmative action by the assured when requested; violation of any of them may result in prejudice to the insurer. It has been held that prejudice may result from action or inaction on the part of the assured prior to the actual trial of the action (see *State Farm Fire & Cas. Co.* v. *Miller, supra,* 5 Cal.App.3d 837, and *Billington* v. *Interinsurance Exchange, supra,* 71 Cal.2d 728). ▮ There was substantial evidence in the instant case to support the finding that the insured breached the cooperation clause of the policy in failing to cooperate prior to the trial of the action, and that such breach substantially prejudiced the defendant in the defense of the case in that if the cooperation clause had not been breached there was a substantial likelihood that the trier of fact would have found in the insured's favor. Such a breach was a material breach of the policy (*Allstate Ins. Co.* v. *King, supra,* 252 Cal. App.2d 698); and the defendant insurer was released thereby from liability under the policy.

▮ Plaintiff further contends that defendant breached its duty to defend Holland; that it is, therefore, strictly liable to plaintiff for the breach of this duty. But since the policy had been breached, the loss involved was no longer covered by it; defendant was not required to continue with the defense of the action after it determined there was no coverage of the loss. (*Firco, Inc.* v. *Fireman's Fund Ins. Co.,* 173 Cal.App.2d 524, 528 [343 P.2d 311].)

The court specifically found that the withdrawal of the attorneys was proper, and this finding is supported by substantial evidence. Even if it were not proper, it does not follow that defendant is thereby subject to liability to this plaintiff. To the contrary, if defendant insurer had defended successfully, the plaintiff may have had no judgment. It is conceivable that Holland could be injured by an unjustifiable refusal on the part of defendant insurer to defend; but plaintiff does not show how he was damaged by such a breach, or how damages could have resulted to him as an adverse third party claimant from such a breach.

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.