[Civ. No. 59917. Second Dist., Div. Five. June 25, 1981.]

UNITED SERVICES AUTOMOBILE ASSOCIATION,
Plaintiff and Appellant, v.
GEORGE A. MARTIN, SR., et al., Defendants and Respondents.

COUNSEL

Yusim, Cassidy, Stein & Hanger and Charles L. Fonarow for Plaintiff and Appellant.

Martin B. Berman for Defendants and Respondents.

OPINION

**ASHBY, J.**—Plaintiff United Services Automobile Association appeals from an order of dismissal following the sustaining of a demurrer, without leave to amend, to plaintiff's first amended complaint for declaratory relief.

According to the allegations of the first amended complaint: Plaintiff is an automobile liability insurer who issued a policy to Ivanhoe Jackson whereby plaintiff agreed to defend and indemnify Jackson for liability arising out of the use of a certain automobile. On March 18, 1978, Jackson was involved in an automobile accident in which defendants George A. Martin, Sr., Mercedes Martin, George A. Martin, Jr., and Janice Martin claim to have suffered injuries as a result of Jackson's negligence. Defendants Martin instituted an action for personal injuries against Jackson, Los Angeles Superior Court case No. SOC 51563, which is presently pending. Plaintiff is defending such action on behalf of Jackson.

In the present action for declaratory relief, plaintiff contends there is an actual controversy between plaintiff and defendants in that defen-

dants claim to be third party beneficiaries to the insurance contract and plaintiff contends that plaintiff has no obligations under the contract. The basis for plaintiff's claim of nonliability is that the insured, Jackson, has breached the cooperation clause of the policy.[1] Jackson "has refused to assist in the defense of said action, has refused to consult with counsel, has refused to answer interrogatories, give deposition testimony, or testify at the trial, thereby making it impossible for plaintiff to properly defend defendant Jackson in said action, ..." Plaintiff seeks a declaration that it has no duty to defend or indemnify Jackson, nor any liability to defendants as third-party beneficiaries to the insurance contract.

The trial court sustained the general demurrer to the first amended complaint, and dismissed the action.[2]

## DISCUSSION

■ Plaintiff contends that it has alleged a proper cause of action for declaratory relief and that the trial court erred in sustaining the demurrer. We find this contention without merit.

As against the injured person an insurer may assert a defense based on breach by the insured of the cooperation clause of the policy. (*O'Morrow* v. *Borad* (1946) 27 Cal.2d 794, 800 [167 P.2d 483, 163 A.L.R. 894]; *Hall* v. *Travelers Ins. Companies* (1971) 15 Cal.App.3d 304, 308 [93 Cal.Rptr. 159].)

However, in order to prevail on such a defense, the insurer must satisfy its burden of showing that it has been prejudiced by the failure to cooperate. (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 881-881 [151 Cal.Rptr. 285, 587 P.2d 1098].) That is, the insurer "must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would

---

[1]Condition 5 of the insurance policy states: "'The insured shall cooperate with the company and upon the company's request, assist in making settlements, and in the conduct of suits and enforcing in any rights of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, property damage or loss with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.'"

[2]Also named in the first amended complaint were Jackson and several other persons injured in the accident. The instant dismissal was as to defendants Martin only, and the other defendants are not parties to this appeal.

have found in the insured's favor." (*Billington* v. *Interinsurance Exchange* (1969) 71 Cal.2d 728, 737 [79 Cal.Rptr. 326, 456 P.2d 982]; *State Farm Fire & Cas. Co.* v. *Miller* (1970) 5 Cal.App.3d 837, 840 [85 Cal.Rptr. 288]; *Hall* v. *Travelers Ins. Companies, supra,* 15 Cal. App.3d 304, 309.)

Logically, the required showing of prejudice cannot be made while the main tort action is still pending, its outcome uncertain, and therefore declaratory relief against the injured persons at this stage is inappropriate. (*Nationwide Mutual Insurance Company* v. *Browning* (1968) 11 Mich.App. 632, [162 N.W.2d 94, 95].) To permit speculation at this stage as to whether the insurer may or will be prejudiced in the main tort action would be inconsistent with the requirement laid down by our Supreme Court that the insurer must prove prejudice in order to assert the insured's lack of cooperation as a defense against the injured persons. (*Billington* v. *Interinsurance Exchange, supra,* 71 Cal.2d at p. 737.)[3]

The order of dismissal is affirmed.

Kaus, P. J., and Stephens, J., concurred.

---

[3]At oral argument we were informed the main action has now been settled. Because the availability of declaratory relief in this situation is of continuing interest to those involved in insurance litigation, we do not dismiss the instant appeal as moot. (*In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737].)