INSURANCE COMPANY of the STATE OF PENNSYLVANIA; et al., Plaintiffs–Appellants,

v.

THE ROMAN CATHOLIC ARCH-BISHOP OF LOS ANGELES, Defendant–Appellee.

No. 05–55867.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 11, 2007.

Kevin G. McCurdy, Esq., McCurdy & Fuller, LLP, Menlo Park, CA, for Plaintiffs–Appellants.

Stephen V. Masterson, Esq., Howrey LLP, Kirk A. Pasich, Esq., Cassandra S. Franklin, Esq., Dickstein Shapiro Morin & Oshinsky LLP, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, T.G. NELSON and SILVERMAN, Circuit Judges.

MEMORANDUM *

The Insurance Company of the State of Pennsylvania and Granite State Insurance

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Company appeal the dismissal of their claim seeking specific performance of the defendant's contractual duty to cooperate in their investigation of certain tort claims asserted against defendant. They also challenge the district court's decision to adjudicate their claim for specific performance and decline jurisdiction over their claim for declaratory relief, instead of declining jurisdiction over *both* claims. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## A. Claim for Specific Performance

The district court did not err by refusing to order the Archbishop to specifically perform his duty to cooperate "by provid[ing] ... all documents, information, and analyses" that are necessary to "evaluat[e] the reasonableness of settlement demands." (Internal quotations omitted.) First, plaintiffs have an adequate legal remedy in state court.[1] Should the underlying state court action against the Archbishop settle for an amount that triggers excess coverage under the policies at issue, plaintiffs can assert that there is no coverage due to the Archbishop's failure to cooperate.[2] *See Truck Ins. Exch. v. Unigard Ins. Co.,* 79 Cal.App.4th 966, 976, 94 Cal.Rptr.2d 516 (2000) ("Where an insured violates a cooperation clause, the insurer's performance is excused if its ability to provide a defense has been substantially prejudiced."). In fact, plaintiffs are not entitled to the relief they seek until they can establish that their rights under the policies have been impaired; and as the California Court of Appeal has recognized, "the required showing of prejudice cannot be made while the main tort action is still pending, its outcome uncertain." *See United Servs. Auto. Assoc. v. Martin,* 120 Cal.App.3d 963, 965–66, 174 Cal.Rptr. 835 (1981) (to prevail on a defense based on a breach of the duty to cooperate, the insurer "must satisfy its burden of showing that it has been prejudiced by the failure to cooperate").

Moreover, California courts have long characterized the insured's duty to cooperate as a condition precedent to coverage, *not* as a basis on which to assert an independent cause of action. *See, e.g., Valladao v. Fireman's Fund Indem. Co.,* 13 Cal.2d 322, 337, 89 P.2d 643 (1939) ("[T]he condition of the policy requiring cooperation by the assured is in the nature of a condition precedent to liability on the company's part...."). For these reasons, we believe that the California Supreme Court would require plaintiffs to present their theories as to how the Archbishop breached his duty to cooperate as a defense to liability under the policies.

Second, plaintiffs' own position with respect to the insurance contracts counsels against the equitable relief they seek. While they have not formally denied coverage, plaintiffs have filed two actions seeking to establish that they have no obligation to indemnify the Archbishop in the underlying action. While California law may recognize their right to contest coverage in a declaratory judgment action while at the same time participating in settlement discussions, that does not bear on the question of whether specific performance

---

1. Plaintiffs concede that to obtain specific performance of a contractual obligation, they must establish, among other things, that the available legal remedy is inadequate and that they have performed under the contract. *See, e.g., Byrne v. Laura,* 52 Cal.App.4th 1054, 1073, 60 Cal.Rptr.2d 908 (1997).

2. Indeed, plaintiffs have asserted that same theory in their state court declaratory judgment action. We see no reason why they cannot use the discovery process in that action to prove, if necessary, that they "could have settled for less money if the [Archbishop] had cooperated fully."

is an appropriate remedy at this time. In light of plaintiffs' attempts to avoid coverage, we cannot say there is "sufficient assurance" that the Archbishop "will receive the performance promised to [him]." *Converse v. Fong,* 159 Cal.App.3d 86, 91, 205 Cal.Rptr. 242 (1984) (citing Cal. Civil Code § 3386).[3] Nor can we envision any amendment to the plaintiffs' federal complaint that would result in a cognizable claim for specific performance in these circumstances. *See Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.,* 368 F.3d 1053, 1061 (9th Cir.2004) (dismissal without leave to amend proper where "complaint could not be saved by any amendment").

## B. Abstention

Plaintiffs' argument that the district court should have abstained *in toto* or not at all is without merit. Plaintiffs chose the forum in which to litigate their claim for specific performance, over which the district court had a "virtually unflagging obligation" to assert jurisdiction. *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225–26 (9th Cir.1998) (en banc) (internal quotations omitted) ("Because claims of ... breach of contract ... provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain the[m].").

We recognize that when other claims, such as one for breach of contract, are joined with a declaratory judgment action, the district court should generally entertain the latter. *See United Nat'l Ins. Co.*

*v. R & D Latex Corp.,* 242 F.3d 1102, 1112 (9th Cir.2001). But where, as here, the *non*-declaratory relief claim (the claim for specific performance) is dropped from the case, the district court may exercise its discretion and decline to rule on the claim for declaratory relief.[4] *See Polido v. State Farm Mut. Auto. Ins. Co.,* 110 F.3d 1418, 1422 (9th Cir.1997), overruled on other grounds by *Dizol,* 133 F.3d at 1227 ("[A]t the time the district court ruled on the [claims for declaratory relief], the monetary claims had been dismissed. Accordingly, the district court was no longer faced with the question whether its 'unflagging obligation' to exercise its judicial power over the monetary claims required it to exercise its jurisdiction over the state law claim for a declaration."). As we said previously, "[n]o case has held that changes to the scope or content of the federal litigation itself are not pertinent to the exercise of Declaratory Judgment Act jurisdiction over that very action." *R & D Latex,* 242 F.3d at 1111 (whether to adjudicate declaratory relief claim need not be decided "on the facts as they existed at the time the complaint was filed").

Our decisions in *Polido* and *R & D Latex* cannot be distinguished on the basis that the plaintiffs in those cases voluntarily dismissed their state law claims for damages before any adjudication on the merits. Although the district court in this case dismissed plaintiffs' claim for specific performance, it did so without exploring the

---

**3.** That statute provides that "[n]otwithstanding that the agreed counterperformance is not or would not have been specifically enforceable, specific performance may be compelled if ... [t]he agreed counterperformance has been substantially performed or its concurrent or future performance is assured." Cal. Civil Code § 3386.

**4.** District courts "possess discretion in determining whether and when to entertain an

action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Thus, we review a district court's decision to abstain from a declaratory judgment action for an abuse of discretion. *Snodgrass v. Provident Life & Acc. Ins. Co.,* 147 F.3d 1163, 1166–67 (9th Cir.1998).

merits of their defense that the Archbishop breached his duty to cooperate, a defense that the plaintiffs have since presented to the state court for resolution. Thus, there are no concerns that the district court needlessly resolved state-law questions or engaged in piece-meal or duplicative litigation.

**AFFIRMED.**