

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, | No.   17-55886 |
| | DC No. 2:15 cv-05677 R |
| Plaintiff-Appellee, | CD Cal., Los Angeles |
| v. | |
| | **O R D E R** |
| TAISEI CONSTRUCTION CORPORATION, a Delaware corporation, | |
| Defendant-Appellant. | |

Before:     TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[*] District Judge

Travelers Property Casualty Company's petition for rehearing [Dkt 54] is granted and the Memorandum filed February 8, 2019 [Dkt 53] and reported at 751 F. App'x 1025 (9th Cir. 2019), is withdrawn.  An Amended Memorandum, filed concurrently with this order, is filed in its place.  The Amended Memorandum amends the final sentence in Part 1 of the original Memorandum and adds footnote

---

[*]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1 denoted at the end of the amended sentence.

No further petitions for panel rehearing or rehearing en banc will be entertained.

# FILED

**NOT FOR PUBLICATION**

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TAISEI CONSTRUCTION CORPORATION, a Delaware corporation, <br><br> Defendant-Appellant. | No.   17-55886 <br><br> DC No. CV 15-05677 R <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 10, 2019
Pasadena, California

Before:   TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

This appeal stems from a dispute between an insurance carrier, Plaintiff Travelers Property Casualty Company of America ("Travelers"), and its insured, Defendant Taisei Corporation ("Taisei"). When Taisei was sued in state court by a third party, it tendered the defense of the action to Travelers, which accepted the tender and appointed counsel to defend Taisei. Later, Taisei requested that Travelers' appointed counsel withdraw. Travelers then brought this action against Taisei for declaratory relief and breach of contract, alleging that Taisei's dismissal of appointed counsel was a breach of Taisei's duty to cooperate. Taisei counter-claimed, also for declatory relief and breach of contract. The district court dismissed Taisei's counterclaim and granted summary judgment to Travelers; Taisei appealed.

We review de novo a district court's granting of summary judgment, *see Ballen v. City of Redmond*, 466 F.3d 736, 741 (9th Cir. 2006), and of a motion to dismiss, *see Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). We vacate and remand in part and affirm in part.

**1.** The district court erred in granting summary judgment to Travelers on its claim that Taisei breached its duty to cooperate under the insurance contract as a matter of law by rejecting Travelers' appointed counsel. Under California law, an insurance carrier must show substantial prejudice in order to prevail on a claim that

2

an insured breached the duty to cooperate. *Campbell v. Allstate Ins. Co.*, 384 P.2d 155, 156 (Cal. 1963). Because substantial prejudice requires a showing that there is "a substantial likelihood the trier of fact would have found in the insured's favor," *Billington v. Interinsurance Exch. of S. Cal.*, 456 P.2d 982, 987 (Cal. 1969), and because prejudice from breach of the duty to cooperate generally cannot be presumed, *Campbell*, 384 P.2d at 157, prejudice generally cannot be shown until the underlying litigation has concluded. *See United Servs. Auto. Assn. v. Martin*, 174 Cal. Rptr. 835, 836 (Ct. App. 1981) ("Logically, the required showing of prejudice cannot be made while the main tort action is still pending, its outcome uncertain."). At the time the district court granted summary judgment to Travelers, the underlying litigation had not concluded; accordingly, the district court erred in granting summary judgment to Travelers because prejudice had not been and could not be shown. However, the underlying litigation has since been settled. We therefore vacate the district court's grant of summary judgment to Travelers on the

breach of contract claim and remand for the court to consider the effect of the settlement of the underlying action on Travelers' claim.[1]

**2.** The district court properly dismissed Taisei's counterclaim for declaratory relief and breach of contract. Taisei alleged that Travelers breached its duty under the contract by failing to supervise its appointed counsel. Under California law, however, insurers do not have an obligation to monitor the adequacy of appointed counsel's representation. *See Merritt v. Reserve Ins. Co.*, 110 Cal. Rptr. 511, 526–27 (Ct. App. 1973) (holding that, because an insurance carrier is not authorized to practice law and therefore must delegate the defense to trial counsel, any remedy is "found in an action against counsel for malpractice and not in a suit against counsel's employer to impose vicarious liability"). Taisei's allegation that Travelers undertook this obligation through an alleged contract is a legal conclusion for which Travelers alleged no supporting facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly, because the counterclaim failed

---

[1] Because Taisei did not appeal the district court's grant of partial summary judgment to Travelers on the equitable reimbursement claim, we do not disturb that decision. However, to the extent that reconsideration of the breach of contract claim implicates declaratory relief afforded by the district court on summary judgment – for example, the district court granted declaratory relief to Travelers that Taisei had breached the policy and therefore is not entitled to coverage under the policy – we vacate and remand for the district court to reconsider in light of this Amended Memorandum.

4

plausibly to allege either that Travelers owed a duty to Taisei to oversee appointed counsel's conduct of the underlying litigation or that it breached such a duty, we affirm the district court's dismissal of Taisei's amended counterclaim.

**VACATED and REMANDED in part, and AFFIRMED in part.** Each side shall bear its own costs on appeal.