Filed 3/28/25  Estate of Cooley CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Estate of FREDERICK GRANT COOLEY, Deceased. | |
| FREDERICK MARC COOLEY, Petitioner and Appellant, v. CASCADE FUNDING MORTGAGE TRUST, Objector and Respondent. | A169977 (Solano County Super. Ct. No. FPR046814) ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |

BY THE COURT:

It is ordered that the opinion filed herein on February 27, 2025, be modified as follows:  delete the text on page 9, footnote 10 that reads:  ", and a court has already ruled that the deed of trust at issue does *not* encumber that share of the property."  The sentence will now read:  "But Cooley fails to identify any adverse claims to the 50 percent of the Subject Property previously held by the Cook estate.  Likewise, Cooley fails . . . ."

This modification does not change the judgment.  Respondent's petition for rehearing is denied.

Dated:_____        _____
                                                              Stewart, P.J.

1

Filed 2/27/25  Estate of Cooley CA1/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Estate of FREDERICK GRANT COOLEY, Deceased. | |
| FREDERICK MARC COOLEY, Petitioner and Appellant, v. CASCADE FUNDING MORTGAGE TRUST, Objector and Respondent. | A169977 (Solano County Super. Ct. No. FPR046814) |

Petitioner and appellant Frederick Marc Cooley (Cooley), representing himself, filed a first amended verified petition in the matter of his father's estate, seeking "determination of ownership of estate property," "quiet title," "cancellation of instrument," and declaratory relief against objectors "Champion Mortgage Company (Nationstar Mortgage LLC, DBA)" (Nationstar) and PHH Mortgage Corporation (PHH).  The trial court sustained objectors' demurrers, and Cooley appeals.[1]

---

[1] After Nationstar and PHH filed their respective respondent's briefs in this appeal, Cooley filed an unopposed motion informing the court that the reverse mortgage loan at issue in this case was sold to Cascade Funding Mortgage Trust (Cascade) and requesting Cascade be substituted as respondent.  The court granted the motion on October 18, 2024.  In this

1

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Cooley's Factual Allegations and Attached Documents*

In his first amended verified petition, Cooley alleged as follows. In 2005, Cooley's father, Frederick Grant Cooley (F.G. Cooley), was the 50 percent owner of a house in Vallejo (Subject Property) and the estate of Essex Cook (Cook estate) held the remaining 50 percent interest. In September 2005, F.G. Cooley obtained a reverse mortgage loan from Wells Fargo, and Wells Fargo recorded a deed of trust for the Subject Property. Cooley attached the deed of trust to his petition; it showed that F.G. Cooley, as borrower, "covenant[ed] that" he was "lawfully seized of the" Subject Property, which was "unencumbered," and he granted the Subject Property to the trustee "in trust, with power of sale."[2] (In other words, F.G. Cooley represented to Wells Fargo that he was sole owner of the Subject Property although he owned only 50 percent of the property.)

In 2014, F.G. Cooley died, and Cooley is now in sole possession of the Subject Property. When F.G. Cooley died, the reverse mortgage loan became due. In March 2017, Wells Fargo filed a complaint in Solano County Superior Court (2017 Wells Fargo lawsuit), alleging its deed of trust encumbered the entire Subject Property and naming as one of the defendants Cooley, individually and as administrator of the estate of F.G. Cooley. Cooley attached Wells Fargo's 2017 complaint to his petition; it showed Wells Fargo

_____

opinion, we continue to refer to Nationstar and PHH in describing the facts, procedural history, and appellate arguments.

[2] "Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer." (*City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800.)

2

sought to quiet title to 100 percent of the Subject Property on the theory Wells Fargo had a good faith belief that borrower F.G. Cooley was the sole owner of the property and that F.G. Cooley "had obtained title to" the 50 percent interest held by the Cook estate "by way of adverse possession prior to obtaining the loan."[3]

In October 2017, Wells Fargo assigned its interest in the deed of trust on the Subject Property to Nationstar.

In July 2018, the Solano County Tax Collector recorded a notice of power to sell tax-defaulted property pursuant to Revenue and Tax Code section 3691 (2018 notice of tax-defaulted property).[4] Although Cooley did not expressly allege in his petition that the 2018 notice of tax-defaulted property referred to the Subject Property, he attached a "Notice of Power to Sell Tax-Defaulted Property" which identified the Subject Property and provided that delinquent taxes were "assessed to Cook Essex F & R F (Estate)."

In August 2018, Nationstar paid $9,723.12 in defaulted and current property taxes on the tax-defaulted property. Cooley attached a "Certificate of Redemption" showing Nationstar paid delinquent and current taxes for the Subject Property assessed to "Cook Essex F & R F (Estate)."

---

[3] Wells Fargo alleged the Subject Property was F.G. Cooley's primary residence for at least five years before he obtained the reverse mortgage in 2005 and "his possession was open, hostile, notorious, exclusive and continuous as against all persons," including as to named defendants, Victor Cook, administrator of the Cook estate, and Edgar Cook, executor of the will of Essex Cook.

[4] "Revenue and Taxation Code section 3691 authorizes a tax collector to sell tax-defaulted property five or more years after the default." (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 39 (*Quelimane*).)

In November 2020, the Solano County Superior Court issued its final statement of decision in the 2017 Wells Fargo lawsuit. The court found Wells Fargo did *not* prove F.G. Cooley adversely possessed the 50 percent of the Subject Property held by the Cook estate. Cooley attached the "Final Statement of Decision" to his petition; in it, the trial court found, "the 2005 deed confirmed ownership of one-half of the property to Frederick G. Cooley," and "therefore, Plaintiff Wells Fargo's lien encumbers that one-half of the property."[5]

Cooley believed PHH was "the current trustee" of the deed of trust at issue.

In April 2023, a quitclaim deed was recorded documenting that Essex Cook, Jr., as an individual and as the executor of the will of Essex Cook and the personal representative of the Cook estate, "remis[ed], release[ed], and forever quitclaim[ed]" the Cook estate's 50 percent interest in the Subject Property to Cooley.

*Cooley's Legal Claims for Relief*

Cooley's first amended verified petition did not include sections describing separate causes of action in his first amended verified petition, but the caption on the first page lists the following "1. determination of ownership of estate property pursuant to Probate Code § 850; § 855"; "2. quiet title pursuant to Cal. Rev. & Taxation Code § 4113 and Probate Code § 855"; "3. cancellation of instrument under CCP § 3412 and Probate Code § 855";

---

[5] Cooley's petition allegations correctly described the trial court's finding as to Wells Fargo's adverse possession claim regarding the 50 percent of the Subject Property held by the Cook estate. The trial court found Wells Fargo "did not establish Frederick G. Cooley adversely possessed the one-half of the property belonging to the heirs of Essex Cook."

4

and "4. Declar[a]tory relief under Probate Code § 850; § 855." (Capitalization omitted.)

Under "Prayer for Relief," Cooley sought a judgment for an order quieting title pursuant to Revenue and Taxation Code section 4113 and Probate code sections 850 and 855; an order cancelling the deed of trust and "removing the cloud over the Subject Property" (also citing the Probate Code); and an order declaring Cooley "the sole 100% fee simple owner of the Subject Property" "pursuant to Cal Probate Code § 850."

Cooley's legal theory, as alleged in his first amended verified petition, was that the 2018 notice of tax-defaulted property "effectively extinguished" Wells Fargo's deed of trust because the recording of the notice "result[ed] in the [Subject P]roperty being deeded to the State of California pursuant to the statutory requirements conveying absolute title free of all encumbrances." Cooley claimed ownership of the entire Subject Property "as the redemptioner and/or through the redemptioners Nationstar Mortgage and/or the Estate of Essex F. Cook" based on the "Certificate of Redemption" (following Nationstar's payment of delinquent and current property taxes) and the subsequent quitclaim to Cooley of the Cook estate's 50 percent interest in the Subject Property. Cooley alleged he sought to "quiet title against defendants and their void deed of trust." (Capitalization omitted.)

*Demurrers*

Nationstar and PHH each filed a demurrer, and the trial court sustained the demurrers without leave to amend. The court found Cooley failed to allege " 'facts sufficient to constitute a cause of action' " and his pleadings were " 'uncertain,' " citing Code of Civil Procedure section 430.10, subdivisions (e) and (f). The court also found that the "court in the civil division [in the 2017 Wells Fargo lawsuit] has already ruled that the estate's

5

50% share of the real property is encumbered," and collateral estoppel barred Cooley "from re-litigating the same issues which have already been determined in the civil court." Finally, the court found Cooley could not amend his petition to state a valid cause of action.

Cooley timely appealed.[6]

## DISCUSSION

A. *Standard of Review*

In reviewing a trial court's order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.) "[W]e accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

Although our review of a demurrer is de novo, "it is limited to issues which have been adequately raised and supported in [the appellant's] brief." (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [discussing de novo review of summary judgment].) The "appellant bears the burden of demonstrating error," and "[w]e treat a party who represents himself on appeal as we would any other party or attorney." (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 920.)

---

[6] The appellate record does not include a judgment of dismissal. In the interests of judicial efficiency, we deem the trial court's order on the demurrers "to incorporate a judgment of dismissal, since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment." (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396 [deeming an order on a demurrer to incorporate a judgment of dismissal and reviewing the order].)

B.    *Analysis*

Cooley's legal claims are based on his beliefs that the effect of the 2018 notice of tax-defaulted property was to "extinguish[ ]" (or render "void") the deed of trust and that Nationstar's subsequent payment of delinquent taxes resulted in the Subject Property reverting to its owners free of any encumbrances.  Cooley misunderstands the law.

As noted above, a tax collector may "sell tax-defaulted property five or more years after the default." (*Quelimane*, *supra*, 19 Cal.4th at p. 39.)  When tax-defaulted property is sold at a "tax sale" and the tax collector receives the full purchase price, a "tax deed" is executed to the purchaser, and with minor exceptions, a tax deed "conveys title free of all encumbrances." (*Id.* at pp. 39–40.)  But in this case, there has been no tax sale of the Subject Property (and Cooley does not allege otherwise); consequently, no tax deed (which would convey title free of all encumbrances) has been executed.

In his reply brief, Cooley cites *Potter v. Los Angeles County* (1967) 251 Cal.App.2d 280, but there the court explained the exercise of the right of redemption by payment of delinquent taxes "does not operate as a conveyance of property similar to the case when the state sells tax-deeded property at auction.  In the latter instance, the purchaser takes the title free and clear of all encumbrances and in some cases may obtain a better title than the taxpayer had originally.  However, where the property is redeemed by the payment of delinquent taxes, the taxpayer *does not obtain a better title than he had before* but merely has the state's title extinguished and his title reasserted." (*Id.* at pp. 286–287, italics added.)

Cooley offers no authority suggesting that the payment of delinquent taxes on tax-defaulted property (by a lienholder, no less) could result in the

7

cancellation of liens on that property.[7]  The arguments Cooley raises on appeal do not demonstrate reversable error.

Initially, Cooley argues his petition alleged sufficient facts to establish he is an interested person authorized pursuant to Probate Code section 48 to bring a claim pursuant to Probate Code section 850.[8]  This argument does not show error, however, because the fact that he may have interest in estate property does not demonstrate he has a valid cause of action.

Next, Cooley contends he stated a cause of action to quiet title pursuant to Revenue and Taxation Code section 4113.[9]  Cooley asserts he holds a retroactive interest in the 2018 "Certificate of Redemption" and has "standing to quiet title against defendants and their *void deed of trust*."  (Italics added.)

---

[7] Describing Cooley's claims as "preposterous" and "absurd," Nationstar observes on appeal, "If [Cooley] were correct, every owner of real property would obtain a loan against it, and then stop paying their property taxes until a Notice of Power to Sell Tax-Defaulted Property was recorded.  When the lender inevitably redeemed it in order to protect its security (and thereby prevent the property's loss at a tax sale), by Appellant's reasoning, the borrower could assert title to the property free and clear of the lender's deed of trust."

[8] Probate Code section 850 provides a petition may be filed by "any interested person" "[w]here the decedent died in possession of, or holding title to, real or personal property, and the property or some interested therein is claimed to belong to another."  (Prob. Code, § 850, subd. (a)(2)(C).)  Section 48, subdivision (a)(1), defines "interested person" to include, as relevant to this case, an heir, child, or "any other person having a property right in or claim against" an "estate of a decedent which may be affected by the proceeding."

[9] Revenue and Taxation Code section 4113 provides, "Whenever tax-defaulted property is redeemed, the redemptioner or any other person claiming through the redemptioner may bring suit to quiet title to all or any portion of the property and prosecute it to final judgment."

8

Again, he does not show error. Cooley's quiet title claim fails because he has not alleged facts showing the deed of trust at issue is void.

Cooley also argues the demurrers should not have been sustained under Code of Civil Procedure section 430.10, subdivision (f), noting demurrers for uncertainty are disfavored. But we affirm the court's ruling on the demurrer "if it is correct on any theory" (*Sims v. Kernan* (2018) 30 Cal.App.5th 105, 110), and the trial court correctly found Cooley failed to allege facts sufficient to constitute a cause of action.

Last, Cooley challenges the trial court's application of the collateral estoppel doctrine. Here, he argues the 2020 court decision in the 2017 Wells Fargo lawsuit should have no effect on his claim to the half of the Subject Property previously vested in the Cook estate because he acquired that property interest by quitclaim deed in 2023. This does not get Cooley far, however, because he does not explain why he should be permitted to bring a claim under Probate Code section 850 as to property that was never part of his father's estate; nor does he explain how he states a claim for quiet title or "cancellation of instrument" as to this allegedly recently-acquired quitclaimed property.[10]

---

[10] To state a claim for quiet title, a plaintiff must allege "adverse claims to the title of the plaintiff against which a determination is sought." (Code Civ. Proc., § 761.020, subd. (c); see *Orcilla v. Big Sur, Inc.* (2016) 244 Cal.App.4th 982, 1010 [affirming demurrer to a quiet title claim where the bank defendants had no adverse claims to title].) But Cooley fails to identify any adverse claims to the 50 percent of the Subject Property previously held by the Cook estate, and a court has already ruled that the deed of trust at issue does *not* encumber that share of the property. Likewise, Cooley fails to identify any "instrument" to be cancelled as to the allegedly quitclaimed property.

Finally, given that Cooley has failed to state a cause of action regarding his father's estate or the validity of the deed of trust that encumbers the half of the Subject Property that was held by the father's estate, we conclude the trial court acted within its discretion in sustaining the demurrers as to his purported declaratory relief claim.  (See *General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 471 ["Under section 1061 of the Code of Civil Procedure the court may refuse to exercise the power to grant declaratory relief where such relief is not necessary or proper at the time under all of the circumstances," and "[t]he broad discretionary power of the trial court to deny declaratory relief may be invoked by general demurrer"].)[11]

## DISPOSITION

The trial court's order sustaining objectors' demurrers without leave to amend is affirmed.

_____

[11] Cooley argues on appeal only that he has alleged sufficient facts to state a cause of action and does not separately challenge the trial court's denial of leave to amend.  We find no error in the trial court sustaining the demurrers without leave to amend.  (See *Walters v. Boosinger* (2016) 2 Cal.App.5th 421, 439, fn. 21 [affirming the trial court's sustaining a demurrer without leave to amend where the appellant "has not demonstrated how he could amend his complaint to properly state such a claim"].)

                                              _____

                                              Miller, J.

WE CONCUR:


_____

Stewart, P. J.


_____

Desautels, J.


A169977, Cooley v. Cascade Funding Mortgage Trust


11